CHRISTIAN WIEL, RESPONDENT, *v.* CHARLES COWLES, APPELLANT.

*Evidence — privileged communications — only those persons duly authorized to practice physic or surgery are prohibited from testifying by section 834 of the Code of Civil Procedure.*

Upon the trial of this action, brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by reason of the negligent driving of the defendant, the defendant called a witness, one E. W. Smith, who had visited the plaintiff after the injuries were sustained, on several occasions, and asked him what he observed. An objection made by the plaintiff, that the testimony was inadmissible under section 834 of the Code of Civil Procedure, having been sustained, the witness testified that at the time he visited the plaintiff he had not been admitted to practice, nor was he a licensed physician. The defendant then asked him "what he found," referring to the condition of the plaintiff. Upon the plaintiff's objection the evidence was again excluded.

*Held,* that the court erred in so doing, as the "information" acquired by the witness was not privileged, as it was not shown that the witness was "duly authorized to practice physic or surgery," which was necessary in order to bring the case under the said section.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, in the County Court of Onondaga county, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

.The action was brought to recover damages for injuries sustained by the plaintiff by reason of the negligent driving of the defendant.

*George D. Cowles,* for the appellant.

*T. E. Hancock,* for the respondent.

HARDIN, P. J.:

Plaintiff gave evidence tending to show that he was injured on the evening of the 7th of March, 1885, on Lincoln avenue, in Syracuse, while passing along the avenue with his daughter, in the outskirts of the city, by the negligent driving of the defendant against or over him. He gave evidence of the extent and character of the injuries received and the condition thereof days after the happening of the same.

Defendant called as a witness one Earl W. Smith, who had visited the plaintiff after the injuries, on several occasions, and asked of him what he observed. That was objected to by the plaintiff as inadmissible under section 834 of the Code of Civil Procedure. The objection was sustained and defendant excepted.

Defendant then proved by the witness that he was not a licensed physician at the time he visited plaintiff. Defendant asked the witness "what he found" referring to the condition of plaintiff. Plaintiff objected and the court shut out the evidence and defendant excepted. We think the court committed an error. When the witness derived the "information" sought for by the questions he was not "duly authorized to practice physic or surgery." The "information" was not privileged. The section ought not to be extended by construction. The ruling of the trial judge was erroneous. (Code of Civil Pro., § 834; *Renihan* v. *Dennin,* 103 N. Y., 579; *McKinney* v. *Grand Street, P. P. & F. R. R. Co.,* 9 Eastern Rep., 698; *People* v. *Schuyler,* 43 Hun., 88.) The words "duly authorized to practice physic or surgery" found in section 834 of the Code of Civil Procedure, were doubtless intended to apply to those persons not prohibited by section 356 of the Penal Code from practicing.

It is reasonable to construe the sections together. When Smith examined the plaintiff and held his interviews with him he was not "duly authorized to practice." The information was not such as section 834 says shall not be disclosed, because it was not possessed by "a person duly authorized to practice physic or surgery."

Because the defendant was deprived of competent evidence by the rulings we must reverse the judgment. It is not needful to pass upon several other questions discussed by the appellant at length as they may not arise upon a second trial.

The judgment and order should be reversed and a new trial ordered in the County Court of Onondaga county, with costs to abide the event.

FOLLETT, J. :

The burden of showing that the witness was within section 834 and incompetent to testify, was upon the objector, the plaintiff. The witness testified : " I reside at 69 Warren street, Syracuse, N. Y. ; my occupation is medicine and surgery ; I am a physician. * * * Q. Were you a licensed physician at that time ? A. I was not. Q. At any of the times or occasions that you called to see plaintiff had you been admitted to practice or licensed as a physician ? A. No, sir ; I made no charge ; I did it out of charity." The witness treated and prescribed for the plaintiff, as a physician, for about one week. The evidence does not show that the witness had, at any time, received authority from any school or society to practice medicine or surgery at any place. It does not appear that he was registered pursuant to chapter 513, Laws 1880, as amended. There is no evidence that the witness was, or even had been, " duly authorized," in a professional or legal sense, to practice physic or surgery. The witness stated that he called on plaintiff while on his way to college. Whether he was connected with a medical college does not appeal; and if he was, whether as teacher or pupil does not appear. Nor does it appear that he was a practicing physician at the time, nor that he ever had been. If persons, not authorized in a legal or professional sense to practice physic or surgery, are within section 834, the effect will be to extend the privileges to such nurses and persons as are willing to swear that they are physicians in fact, and were attending the patient as such. Such was not the intention of the legislature.

A new trial must be granted.

BOARDMAN, J., concurred.

Judgment and order reversed and a new trial ordered in the County Court of Onondaga county, with costs to abide the event.