> On proceedings to probate a will, evidence of a physician as to a statement made to him by decedent, and which he testifies was not necessary to enable him to act in his professional capacity, is admissible, though Code Civil Proc. N. Y. § 834, forbids physicians to disclose information obtained while acting in a professional capacity.

Application to probate the alleged will of Isaac Halsey, deceased.

*Frank W. Angel,* for proponents and legatees.   *H. F. Lawrence,* for contestant.   *W. J. C. Berry,* special guardian.

RANSOM, S.   Contestant's counsel excepted to the ruling of the assistant, to whom this proceeding was sent to take the testimony, by which he excluded proof by the witness Dr. Densmore of a statement which the decedent made to him, and which, the witness stated, was not necessary to enable him to act in his professional capacity.  The rule prohibiting physicians from disclosing information obtained by them from their patients was the same under the Revised Statutes.   Nevertheless, it was held in *Allen* v. *Public Adm'r,* 1 Bradf. Sur. 221, that testamentary cases were not within the reason and intention of the statute, and, if covered by its letter, then the decease of the party put it

beyond possibility to assert the privilege; and if still, from reasons of public policy, the court felt bound to extend and keep alive the privilege, it would not be done any further than was consistent with justice and good morals. This rule continued to be followed in probate cases until the decision in *Reni-han* v. *Dennin*, 103 N. Y. 573, 9 N. E. Rep. 320. In that case the court of appeals held that the fact that the evidence offered was in probate proceeding did not make the application of section 834 of the Code[1] less operative, and at the close of the opinion Judge EARL said: "It is probably true that the statute, as we feel obliged to construe it, will work considerable mischief. In testamentary cases, where the contest relates to the competency of the testator, it will exclude evidence of physicians, which is generally the most important and decisive. * * * The remedy is with the legislature, and not with the courts." Since that decision, the practice of this court has been to ask the physician, when an objection was raised to the proofs of facts learned in the course of his professional relations, whether what he was asked to testify to was necessary for him to treat the patient. If he answered that it was not, it has been admitted. But there is a tendency to apply the rule with great strictness, and the language of VAN BRUNT, P. J., in *Re Darragh*, 5 N. Y. Supp. 58, seems to have been relied upon by the assistant to sustain his ruling in excluding the testimony of Dr. Densmore offered. The court, in that case, say: "It is urged upon the part of the appellant that it was not shown that the knowledge which he had acquired in respect to his patient by the physician, while he was attending her, was necessary to enable him to prescribe for her. But it seems to us, in view of the rule laid down by the court of appeals, in construing the statute prohibiting the disclosure by physicians of the information they have received in respect to the condition of their patients, that it was not necessary that this should be established, and that all that it was necessary to establish, in order to preclude the physician from testifying, was that he had obtained the information during the course of his professional employment. And this is the only reasonable construction to be placed upon the statute, because otherwise it is placing it within the physician's power to violate the statute at will. The information which the physician receives by his eyes, by his ears, and by his touch is in the course of his professional employment, and it may or may not be necessary for the purpose of prescribing, and this necessity may only be disclosed by the very fact of the imparting of the information; and, therefore, although information of this character may be communicated, supposedly, under the safeguards thrown around such communications by the law, yet it may turn out that such disclosure was not necessary to enable the physician to act in a professional capacity. But this could only be ascertained after the disclosure had been made. It is so difficult to draw the line that it is certainly best to err upon the side of safety, and shut the door against all disclosures of information acquired by a physician in attending a patient in a professional capacity, without requiring absolute proof that such information was necessary to enable him to act in that capacity. The intention, evidently, was to protect all communications made by a patient to his physician which the patient supposed, or had reason to believe, were protected by the provisions of the law." As the court of appeals acknowledges that the rule laid down in *Renihan* v. *Dennin* is one which will exclude important testimony in a probate proceeding, and which the court invokes the legislature by its action to make admissible, I cannot believe that the general term, in *Re Darragh*, intended to exclude the testimony of a physician, which he, on his oath, stated was not necessary for him to act in his professional capacity. Hence, I hold the exclusion of the information obtained by Dr. Densmore under these circumstances to be er-

[1] This section forbids physicians to disclose information obtained while acting in a professional capacity.

ror, and I direct that the case be sent back to the assistant, to take any testimony of the witness Densmore which is admissible under the rule I have here laid down.

The suggestion by contestant's counsel, that it was not shown that the witness was an authorized physician, was not raised at the time of his examination. He was produced by the contestant as a physician; and the assistant had a right to suppose, without making inquiry himself, that he was authorized to practice his profession. That question, however, may be raised on the further examination of the witness. The other legal points suggested in contestant's brief I will consider when the case shall be finally submitted.