ANNA B. HAULENBEEK AND OTHERS, AS EXECUTORS OF JAMES H. WHITE, APPELLANTS, *v.* DANIEL McGIBBON, RESPONDENT.

*Attorney and client — when a communication is privileged — Code of Civil Procedure, sec. 835.*

Upon the trial of an action upon a note, in which a defense of forgery of the indorsement thereof was interposed, a witness for the plaintiff stated that he was a lawyer and had attempted to settle the claim in suit as a mutual friend of the parties; that his expenses thus incurred had been paid in part by each; that he had not been retained as counsel by, and that he had declined to act as attorney for either party.

*Held,* that a communication made to him by the defendant, the indorser of the note, relative to the indorsement, was not privileged under section 835 of the Code of Civil Procedure.

APPEAL by the plaintiffs, Anna B. Haulenbeek and George E. Dinsmore, as executors of James H. White, deceased, from an order of the Broome County Special Term, entered in the clerk's office of Delaware county on the 10th day of September, 1890, denying their motion for a new trial of the action, made upon a case and exceptions after a trial before the court and a jury at the Delaware Circuit, at which a verdict was rendered in favor of the defendant.

The action was brought upon a note, dated September 8, 1884, for $2,000, made by Nathan C. Wood, and indorsed, as it is alleged, by the defendant, and made payable at the Delaware County Bank one year after date. The answer denied the indorsement and alleged that it was a forgery. The note was delivered to Mrs. C. F. White and was by her transferred to James H. White, in whose name the action was originally brought. The case was tried at the Delaware Circuit, February, 1887, and a verdict rendered for the defendant. Since the trial the original plaintiff died and his executors have been substituted in his place.

*John B. Gleason,* for the appellants.

*Edwin D. Wagner,* for the respondent.

MERWIN, J. :

Upon the trial of this action Samuel H. Fancher was called as a witness for the plaintiff and testified that he was a lawyer, and was at the date of the note acting as attorney for Mrs. C. F. White,

in reference to a claim she had against Wood, the maker ; that after some negotiation the note, bearing, as was supposed, the genuine indorsement of the defendant, was taken in settlement of the claim and delivered to Mrs. White ; that about the time the note became due it was sent to the Walton Bank for collection, and, as the witness thinks, delivered by him to Mr. Mead, an officer of the bank ; that the witness had the note in his possession, and McGibbon, the defendant, saw it there. The witness was then asked the question : " While the note was in your possession did you have a conversation with Mr. McGibbon in relation to the note ? " The witness then stated that in any conversation he had with McGibbon he was, in his judgment, acting in a double capacity, and that the relations, to a certain extent, of counsel and client existed ; that in his further acting in the matter he was endeavoring to procure a settlement between the parties ; that he went to New York to see Mr. and Mrs. White upon three occasions afterwards, and two of the times the plaintiff paid his expenses and at one time the defendant paid a part of his expenses ; that he rendered an account to Mr. White for all the services that were rendered, by which he received a sum of not much more than enough to cover his expenses ; that he was not retained by McGibbon as his counsel in any way ; was not retained by either side, declined to have anything to do with either side ; that so far as anything he did, he did it with the full knowledge of both parties and refused to have anything to do as attorney upon either side of the case ; that McGibbon asked to have the note sent up to the office and he (McGibbon) looked upon him (the witness) as a sort of mutual friend in the matter, and he came there and talked freely upon the matter ; that, to a certain extent, he considered he was acting in the same capacity as he would if he was drawing a contract for two persons ; that McGibbon did not ask him to act as his attorney, but he paid a portion of his expenses going to New York afterwards to see about a settlement. It does not appear that he went at defendant's request. The witness then stated that he had a conversation with Mr. McGibbon in reference to his indorsement upon the back of the note, and was asked to state such conversation. To this the defendant objected that it was a conversation with the witness as his counsel and was privileged. The objection was sustained and plaintiff excepted.

By section 835 of Code of Civil Procedure it is provided that "an attorney or counselor-at-law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment." Before this section can apply in any case a contract relation of attorney and client must exist, based upon an employment by the client. (EARL, J., in *Renihan* v. *Dennin*, 103 N. Y., 579.) It is not enough that the communication be confidential; the fact of professional employment must also exist. (*The Rochester City Bank* v. *Suydam*, 5 How. Pr. Rep., 258.) The privilege does not apply to cases where the party applied to, though an attorney, refuses to act as such and is, therefore, only applied to as a friend. (1 Gr. Ev., § 244; *Greenough* v. *Gaskell*, 1 My. & K., 104; *Beeson* v. *Beeson*, 9 Penn. St., 301.)

In the present case it distinctly appears that the relation of attorney and client did not exist between the witness and the defendant; the witness was not retained by either side; expressly declined to have anything to do with either. At most, so far as the defendant was concerned, he was in the position of a friend. We think that a case for the application of the rule of privilege was not made out, and the evidence was improperly rejected. It is very clear that it was material. It follows that there must be a new trial.

HARDIN, P. J., concurred

Order reversed and new trial granted, with costs to abide the event.