RAYMOND v. THE BURLINGTON, CEDAR RAPIDS & NORTH-
ERN R'Y Co.

1. **Evidence**: PRIVILEGED COMMUNICATION: PHYSICIAN AND PATIENT. Where one injured upon a railroad was attended by the company's surgeon, a communication made by him to the surgeon in response to a question asked for the purpose of ascertaining the facts in order properly to treat him, was a privileged communication, within the meaning of section 3643 of the Code.

2. ———: ———: MADE TO PARTNER OF PHYSICIAN. It would violate the spirit of the statute to permit a physician to disclose a privileged communication made in his presence to his partner.

3. **Carrier of Passengers**: DEGREE OF DILIGENCE REQUIRED OF. It is the duty of a common carrier of passengers to exercise extraordinary care and caution for the safety of its passengers.

4. **Contributory Negligence**: AVOIDANCE OF BY PLAINTIFF: EVIDENCE: INSTRUCTION. In an action for personal injury on a railroad, an instruction which held, in substance, that, if the plaintiff showed what his *acts* were, and they did not appear to be negligent, the jury would be justified in finding that he was free from negligence, while not correct as an abstract statement of the rule, was not erroneous in this case, where it was clear that plaintiff was not guilty of contributory negligence, unless it was by reason of something which he did.

5. ———: ACTS OF COMMISSION AND OMISSION: EVIDENCE: BURDEN OF PROOF. Where in such a case there is no evidence of contributory negligence on plaintiff's part by reason of any omission, and no question in regard to the surrounding circumstances, and the only inquiry is as to whether the injured person, in view of the conceded circumstances, was negligent in what he did, and, upon proof of his *acts*, it appears that he was not guilty of any negligence in what he did, the burden of proof is shifted upon defendant, if it claims that plaintiff was negligent, to establish it.

*Appeal from Linn Circuit Court.*

WEDNESDAY, DECEMBER 3.

ACTION to recover for injuries alleged to have been sustained by being thrown from the platform of the defendant's car by reason of the sudden and careless starting of the train, while the plaintiff, as a passenger, was in the act of

leaving it at a station. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*S. K. Tracy*, for appellant.

*Stoneman, Rickel & Eastman*, for appellee.

ADAMS, J.—This case is before us upon a rehearing. The opinion now filed is not substantially different from the former, except in regard to one instruction, which was held to be erroneous.

I. The defendant introduced as a witness Dr. J. R. Kinney, who testified that he was surgeon of the defendant, and was called to attend plaintiff; that he asked him some questions in regard to his injury; that he wanted information to enable him to judge if the company was responsible; that it was absolutely necessary for him to enable him to obtain a diagnosis, and that all surgeons do that. He also testified that the injury would be more severe if the cars were in motion. The defendant also introduced Dr. H. Ristine, who testified that he was a physician, and was called to assist Dr. Kinney in treating the plaintiff; that he asked the plaintiff how he got hurt, and heard him state how the accident happened, in the presence of Dr. Kinney and Dr. J. M. Ristine. The defendant then asked the witness the following question: "Now I will ask you to state what the plaintiff said, if anything, as to how the accident occurred, and how he got injured?" The plaintiff objected to the question as calling for a professional communication necessary and proper to enable the doctor to exercise his professional functions. In answer to a question by the court, the witness stated that he was called as consulting physician, and asked this question for the purpose of ascertaining the facts in order to properly treat him. The court thereupon sustained the objection. The defendant thereupon offered to show by this witness that

1. EVIDENCE: privileged communication: physician and patient.

the plaintiff, in response to questions asked, stated that he stepped off the car while it was in motion, and thus fell and received the injury sued for. The court excluded the evidence, and the defendant assigns the action of the court as error.

The Code, § 3643, provides: "No practicing attorney, counselor, physician, surgeon, minister of the gospel, or priest of any denomination shall be allowed, in giving testimony, to disclose any confidential communication properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." Dr. Ristine testified that the communication was made by the plaintiff in response to a question asked for the purpose of ascertaining the facts, in order to properly treat him; and Dr. Kinney testified that the injury would be more severe if the cars were in motion. In view of this testimony, we think the communication comes within the protection of the statute.

II. The defendant also introduced Dr. J. M. Ristine, who testified that he was a partner of Dr. H. Ristine, and

2. ——: ——: *made to partner of a physician.* heard the statements made to him. The defendant offered to prove by this witness the same communication sought to be proved by Dr. H. Ristine, and claimed the right to do so upon the ground that the communication was not made *to* this witness, but merely in his hearing. Manifestly, it would violate the spirit of the statute to permit a physician to disclose a communication made in his presence to his partner.

III. The defendant complains of an instruction given by the court, to the effect that it was the duty of the defendant,

3. CARRIER *of passengers: degree of diligence required of.* as a common carrier of passengers, to exercise extraordinary care and caution; but it appears to us that the rule of the instruction is well settled. *Sales v. Western Stage Co.*, 4 Iowa, 547.

IV. The court gave an instruction in these words: "You

have been instructed that the burden is upon the plaintiff

**4. CONTRIBU-
TORY negli-
gence: avoid-
ance of by
plaintiff: evi-
dence: in-
struction.** to prove that he was free from contributory negligence; and the court further instructs you that such requirement of law is sufficiently complied with when the plaintiff has given in the testimony in his behalf, showing his act in relation to the transaction causing the injury to him, and such testimony fails to show contributory negligence on his part; but you are further charged that if you find, from a preponderance of the whole testimony in the case—that on the part of the defendant, as well as on the part of the plaintiff—that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover, although the testimony of the plaintiff alone may fail to show such contributory negligence on his part." Upon the former hearing, this instruction was held to be erroneous. Upon a re-examination of the case, we have come to the conclusion that the instruction, as applied to the particular facts of the case, can be approved.

The instruction holds, in substance, that, if the plaintiff showed what his *acts* were, and if they did not appear to be negligent, the jury would be justified in finding that he was free from negligence. It is manifest that the rule of the instruction, as an abstract one, could not be approved. It may happen, and sometimes does, that the person injured is guilty of negligence in what he omits to do. The inquiry of the jury should not, as a rule, be limited to the injured person's acts, but should be as broad as the circumstances of the case. The writer of this opinion thought, upon the former hearing, that the rule enunciated in the instruction was too narrow. But the facts of the case are such that it seems certain that the plaintiff was not guilty of contributory negligence, unless it was by reason of something which he did. The writer, therefore, is of the opinion now, and such is the opinion of the entire court, that the instruction is not liable to the objection mentioned.

But it is said that there is another objection to which it is

liable, and that is that it does not maintain the established rule in regard to burden of proof. This view seemed plausible at first. It was adopted by Chief Justice Day, who wrote the former opinion, and was acquiesced in by a majority. But we are now agreed that it is not sound.

5. ——: acts of commission and omission: evidence: burden of proof.

The part of the instruction which the defendant objects to in this respect is that which holds, in substance, that if the plaintiff showed his acts in the transactions, and they *failed* to show contributory negligence, the burden upon this point would be shifted. As to this we may say, as we have already said of the instruction in other respects, that the rule could not be approved as an abstract one. The character of acts, as showing negligence or otherwise, often depends upon a great number of circumstances. We can conceive of a case where the plaintiff might prove the injured person's acts, and the jury, by reason of a want of knowledge of the circumstances, be left entirely in the dark as to whether they showed contributory negligence or freedom from it. In such case it could not be said that the rule of the instruction would be correct. But the case before us is not one of that kind. The character of the plaintiff's acts, so far as it depended upon circumstances, was clearly shown. The only question, then, is, was it sufficient to shift the burden of proof for the plaintiff to show his acts, if they failed to show contributory negligence? We think it was. Where there is no question of negligence by reason of an omission, and no question in regard to the surrounding circumstances, and the only question is as to whether the injured person, in view of the conceded circumstances, was negligent in what he did, we are unable to see how the plaintiff could do more than prove what he did. In proving what he did, he would prove what care he exercised; and acts fully disclosed and understood must always be deemed sufficiently careful which evince no negligence.

The true rule, and one of general application, appears to

us to be that stated in *Mayo v. Boston & M. R'y Co.*, 104 Mass., 140. It is stated in these words: "All the circumstances under which the injury was received being proved, if they show nothing in the conduct of the plaintiff, either of acts or neglect, to which the injury may be attributed in whole or in part, the inference of due care may be drawn from the absence of all appearance of fault."

The instruction given by the court below was not, we think, in view of the particular facts of the case, inconsistent with the rule above expressed, and the judgment must be

AFFIRMED.