MARY RENIHAN, Appellant, *v.* MARTHA A. DENNIN, Individually and as Executrix, etc., Respondent.

Where a physician attending upon a patient requests another physician to attend with him for consultation in regard to the condition of the patient, and he does so attend, he is brought within the provisions of the Code of Civil Procedure (§§ 834, 836), prohibiting a physician from disclosing information acquired in attending a patient in a professional capacity, necessary to enable him to act in that capacity. To bring the case within the statute it is sufficient that the physician attended as such upon the patient and obtained his information in that capacity.

The distinction between the case of a physician and that of an attorney pointed out.

The said provisions apply where the physician is called as a witness in proceedings for the probate of the will of the patient.

These provisions are not limited to a prohibition of disclosures by a physician of information of a confidential nature, but apply to all information obtained by the physician from his patient while attending in a professional capacity, which was necessary to enable him to act.

*Pierson* v. *People* (79 N. Y. 424), distinguished.

(Argued October 29, 1886; decided December 7, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, which affirmed a judg-

ment, entered December 5, 1885, upon a verdict on trial of issues touching the testamentary capacity of James Dennin, and the due execution of a paper presented for probate as his last will. (Reported below, 38 Hun, 270.)

The facts sufficiently appear in the opinion.

*E. Countryman* for appellant. The burden of proof was upon the proponent as objector to show all the facts which subjected the proposed testimony to the claim of privilege. (*Earl* v. *Grant*, 46 Vt. 113; *Edington* v. *Ætna L. Ins. Co.*, 77 N. Y. 571; *Daniel* v. *Daniel*, 39 Penn. St. 191, 210, 211; *Wilson* v. *Rastall*, 4 Durnf. & E. 758, 759, 760; *Yordan* v. *Hess*, 13 Johns. 492; *Hoffman* v. *Smith*, 1 Caines, 157; *Bk. of Utica* v. *Mersereau*, 3 Barb. Ch. 533, 595; *Rochester City Bk.* v. *Suydam*, 5 How. Pr. 254.) Even if Dr. Bontecou had been called as a consulting physician by direction of the deceased, it did not render him an incompetent witness. (1 Greenl. Ev., § 248; *Kendal* v. *Grey*, 2 Hilt. 302; 1 Whart. Ev., § 606; *Edington* v. *Ætna L. Ins. Co.*, 77 N. Y. 569; Code of Civ. Pro., §§ 834, 836; *Hewitt* v. *Prince*, 21 Wend. 79; *Pierson* v. *People*, 18 Hun, 239; 79 N. Y. 424; *Staunton* v. *Parker*, 19 Hun, 55; *Allen* v. *Pub. Ad.*, 1 Bradf. 221; *Whelpley* v. *Loder*, 1 Dem. 369; *Kendal* v. *Grey*, 2 Hilt. 300; *Snow* v. *Gould*, 74 Me. 540; *Nore* v. *Baird*, 12 Ind. 318.) The provisions of the Code relating to physicians and clergymen (§§ 833, 834) are the same in substance as those of the Revised Statutes. (2 R. S. 406, §§ 72, 73.) These provisions were originally adopted merely to place physicians and clergymen, with reference to their patients and penitents, in the same position with attorneys and their clients, as established at common law. (5 Edm. Stat. 726, 727, revisers' notes; *Wilson* v. *Rastall*, 4 Durnf. & E. 754, 759; *Grattan Case*, 80 N. Y. 301.) And the common-law rule, as applied to attorneys, is now embodied and declared in section 835 of the Code of Civil Procedure. (Throop's note to § 835; *Coveney* v. *Tannehill*, 1 Hill, 33; *Britton* v. *Lorenz*, 45 N. Y. 51; *Greenough* v. *Gaskell*, 1 Myl. & K. 98, 103; *Whiting* v. *Barney*, 30 N. Y. 337, 340; *Blackburn* v. *Crawfords*, 3 Wall. 192; *Rochester Bk.* v. *Suydam*, 5

How. Pr. 258; *Westover* v. *Ætna L. Ins. Co.*, 99 N. Y. 56, 58, 59; Greenl. on Ev., § 243.) It never applied to a testamentary case involving the capacity of the deceased to make a will, nor to his acts relating to the factum of the will, or in reference to the disposition of his estate. (*Russel* v. *Jackson*, 9 Hare, 387; 15 Jur. 1117; *Blackburn* v. *Crawfords*, 3 Wall. 176; *In re Chapman*, 27 Hun, 573; *Sheridan* v. *Houghton*, 16 id. 628; 6 Abb. N. C. 234; *Sanford* v. *Sanford*, 61 Barb. 295, 305, 306; 5 Lans. 487, 496, 497; *Whelpley* v. *Loder*, 1 Dem. 368; *Graham* v. *O'Fallon*, 4 Mo. 338; Hare on Disc. [2d ed.] 162; 1 Whart. on Ev., § 591; *Scott* v. *Harris*, 113 Ill. 447.) The privilege did not apply to facts ascertained while acting in a professional capacity, which were collateral or not, in the nature of confidential communications. (*Doe* v. *Andrews*, 2 Cowp. 845, 846; *Studdy* v. *Saunders*, 2 Dowl. & Ry. 347, 349; *Hurd* v. *Moring*, 1 C. & P. 372; *Lord Say & Seal's Case*, 10 Mod. 40, 41; *Ramsbotham* v. *Senior*, L. R., 8 Eq. Cas. 575; *Bramwell* v. *Lucas*, 2 Barn. & Cr. 745, 750; *Cobden* v. *Kendrick*, 4 Durnf. & E. 431, 432; *Sawyer* v. *Birchmore*, 3 Myl. & K. 572; *Brown* v. *Foster*, 1 Hurlst. & Norm. 736, 740; *Robinson* v. *Flack*, 8 Lond. Jur. 888; *Baker* v. *London, etc., R. Co.*, L. R., 3 Q. B. 91; *Wooley* v. *N. Lond. R. Co.*, 4 C. P. 602; *Crawcour* v. *Salter*, L. R., 18 Ch. Div. 30, 36; *Riggs* v. *Denniston*, 3 Johns. Cas. 198, 203; *Yorden* v. *Hess*, 13 Johns. 492, 493; *Johnson* v. *Daverne*, 19 id. 135; *Coveney* v. *Tannehill*, 1 Hill, 33, 36, 37; *Crosby* v. *Berger*, 11 Paige, 377, 379; *Clark* v. *Richards*, 3 E. D. Smith, 89, 97; *Rochester Bk.* v. *Suydam*, 5 How. Pr. 254, 261; *Hubbard* v. *Haughian*, 70 N. Y. 55, 62; *Britton* v. *Lorenz*, 45 id. 52; *Tyler* v. *McNeil*, 16 Week. Dig. 389; *Mulford* v. *Muller*, 3 Abb. App. Dec. 330; *Mandeville* v. *Guernsey*, 38 Barb. 225; *Snow* v. *Gould*, 74 Me. 543; *Scott* v. *Harris*, 113 Ill. 447, 454; *Com.* v. *Bacon*, 135 Mass. 521.) The privilege was not recognized nor the rule applied to further frauds or unlawful purposes. (*Duffin* v. *Smith*, 1 Peak, 108; *Russell* v. *Jackson*, 9 Hare, 387, 393; 15 Jur. 1117; *Follett* v. *Jeffreys*, 1 Sim. [N. S.] 1, 17; *Reynall* v. *Sprye*, 10 Beav. 51, 54,

56 ; 11 id. 618 ; *Gartside* v. *Outrom,* 35 L. J. Ch. 113, 114, 116 ; *Brown* v. *Foster,* 1 Hurlst. & Norm.736 ; *Ramsbotham* v. *Senior,* L. R., 8 Eq. 575, 580 ; *Burton* v. *Donley,* 8 Eq. 576, note ; *Guesley* v. *Monsley,* 2 Kay & Johns. 288, 291 ; Hare on Disc. [2d ed.] 163 ; *Reg.* v. *Orton,* 3 Short. Notes, 9381 ; L. R., 14 Q. B. Div. 170, 171 ; *Queen* v. *Cox,* 14 Q. B. Div. 153, 156 ; *Tichborne* v. *Lushington,* 1 Short. Notes, 5211 ; 14 Q. B. Div. 172 ; *Beadles* v. *Bunch,* 11 Simons, 332 [1838] ; *Kelly* v. *Jackson,* 13 Irish Eq. 129 [1848] ; *Hutchinson* v. *Reed,* Hoff. Ch. 317 [1839] ; *Blackburn* v. *Crawfords,* 3 Wall. 193, 194 ; *Coveney* v. *Tannehill,* 1 Hill, 33 ; *Lewin* v. *Redfield,* 2 Week. Dig. 109, 198 ; *In re Chapman,* 27 Hun, 573, 574, 575 ; *Dunn* v. *Amos,* 14 Wis. 115 ; *In re Cole,* 8 R. 105 ; 1 Whart. on Ev., § 590 ; *Bk. of Utica* v. *Mersereau,* 3 Barb. Ch. 598, 600.) Communications made to the attorney in the presence of all the parties are not privileged. (*Baugh* v. *Crodock,* 1 Mood. & Rob. 183 ; *Cleve* v. *Powell,* id. 228 ; *Britton* v. *Lorenz,* 45 N. Y. 52 ; *Hebhard* v. *Haughian,* 70 id. 55 ; *Whiting* v. *Barney,* 30 id. 330 ; *Queen* v. *Cox,* 14 Q. B. Div. 173, 174 ; *Regina* v. *Jones & Hayward,* 1 Denn. C. C. 167 ; *Cutts* v. *Pickering,* Nel. Ch. 81 ; Gilbert on Ev. 277 ; *Coveney* v. *Tannehill,* 1 Hill, 36 ; *Annesley* v. *Anglesea,* 17 How. St. Tr. 1139, 1240, 1242 ; *People* v. *Blakeley,* 4 Park. Cr. 176 ; *Treat* v. *Jones,* 28 Conn. 334 ; *Jones* v. *Dusenberre,* 15 Week. Dig. 286 ; *Rose* v. *Truax,* 21 Barb. 361 ; 2 Parsons on Contracts, 746, 767 ; 17 Am. Jur. 305 ; 1 R. S. [7th ed.] 367, §§ 20, 24, subd. 4.) Conceding that whenever the privilege attaches, the seal of secrecy, unless waived by the patient, remains unaffected by his death, the present case does not come within the purview or prohibition of the statute. (*People* v. *Utica Ins. Co.,* 15 Johns. 380, 381 ; *Jackson* v. *Collins,* 3 Cow. 89, 96 ; *White* v. *Wager,* 32 Barb. 253 ; *Pierson* v. *People,* 18 Hun, 248, 249 ; 79 N. Y. 433, 434 ; *Allen's Case,* 1 Bradf. 223, 224 ; *Fraser* v. *Jenkinson,* 42 Mich. 207 ; *People* v. *Murphy,* 101 N. Y. 126, 127, 129 ; Penal Code, §§ 509, 520, 521 ; *Paige* v. *People,* 3 Abb. App. Dec. 439 ; *State* v. *Shuntless,* 18 Me. 368 ; 1 Whart. Cr. Law

[8th ed.], §§ 697, 709; *Regina* v. *Avery*, 8 Car. & P. 596; *Ann* v. *Lewis*, Fost. Cr. Cas. 116; *Regina* v. *Jones & Hayward*, Den. Cr. Cas. 166; 2 Cas. & Kir. 234; Penal Code, §168; 2 Whart. Cr. Law, § 1349; *Tichborne* v. *Lushington*, 14 Q. B. Div. 172; *Reg.* v. *Orton*, id. 171; *Queen* v. *Cox*, id. 165.) The knowledge acquired by Dr. Bontecou of the condition of the deceased, and the fact sought to be proved by the witness, was not of a confidential nature. (*Eddington's Case*, 77 N. Y. 551; *Staunton* v. *Parker*, 19 Hun, 57, 58, 59; *Delafield* v. *Parish*, 1 Redf. 103; *Campon* v. *North*, 39 Mich. 608, 609; *Dewitt* v. *Borley*, 9 N. Y. 375, 377; *S. C.*, 17 id. 340; *Holcomb* v. *Holcomb*, 95 id. 316.)

*Charles E. Patterson* for respondents. The testimony of Dr. Bontecou was properly rejected; the information he obtained in attending the testator being of a privileged character. (Code of Civil Pro., § 834; *Edington* v. *Mut. L. Ins. Co.*, 67 N. Y. 185; *Johnson* v. *Johnson*, 4 Paige, 460; *Johnson* v. *Johnson*, 14 Wend. 637; *Allen* v. *Public Adm'r*, 2 Bradf. 221, 233; *Pearsall* v. *Elmer*, 5 Redf. 181; *Whelpley* v. *Parker*, 1 Dem. 368; *Hunn* v. *Hunn*, 1 N. Y. Sup. Ct. [T. & C.] 499; 77 N. Y. 564; *Grattan* v. *Met. L. Ins. Co.*, 80 id. 281, 300; *Dilleber* v. *Home L. Ins. Co.*, 69 id. 256; *Cohen* v. *Cont. L. Ins. Co.*, id. 300; *Westover* v. *Ætna L. Ins. Co.*, 99 id. 56; *Staunton* v. *Parker*, 19 Hun, 55.)

EARL, J. The surrogate of Rensselaer county admitted to probate the will of James Dennin, deceased. Upon appeal to the General Term the surrogate's decree was reversed and special issues as to the competency of the testator and the due execution of the will were ordered to be tried before a jury. The trial came on and it appeared that the will was executed in the evening, a short time before the testator's death, and that during the same evening, before the execution of the will, Dr. Bontecou was requested by the attending physician to be present at the testator's house for consultation with him relative to the testator's condition and treatment; and in pursuance

of such request he did attend.   He was called as a witness for
the contestants and testified that he saw the testator and
advised a prescription for him.   The following questions were
put to him : ",Will you describe the appearance and condition
of the sick man when you got into the room ? "   " At the time
you examined this man was he, in your judgment, in that state
known to your profession as ' collapse ?' "   " Was he, in your
judgment, in a dying condition ?"   " State whether in your
judgment, at any time after that occasion when you were
there, James Dennin was in such a condition that he was
capable of understanding and taking into account the nature
and character of his property and of his relations by blood and
marriage to those who were or might become the objects of his
bounty, and make an intelligent disposition of his property by
will ? "   The same question was repeated, confining it to the
time when the witness saw the testator.   All the questions
were objected to on behalf of the proponent as incompetent
under sections 834 and 836 of the Code; the objections
were sustained, and counsel for the contestants excepted and
the sole question for our determination upon this appeal is
whether that exception was well taken.

Section 834 is as follows: " A person duly authorized to
practice physic or surgery shall not be allowed to disclose any
information which he acquired in attending a patient in a pro-
fessional capacity and which was necessary to enable him to
act in that capacity ; " and section 836 provides that that sec-
tion applies to every examination of a person as a witness
unless the provisions thereof are expressly waived by the
patient.   Dr. Bontecou was a person duly authorized to prac-
tice physic.   Whatever information he had about the condition
of the testator he acquired while attending him as a patient.
It is true that the testator did not call him or procure his
attendance.   But he did not thrust himself into his presence or
intrude there.   He was called by the attending physician and
went in his professional capacity to see the patient, and that
was enough to bring the case within the statute.   It is quite
common for physicians to be summoned by the friends of the

patient or even by strangers about him, and the statute would be robbed of much of its virtue if a physician thus called were to be excluded from its provisions because, as contended by the learned counsel for the appellant, he was not employed by the patient nor a contract relation created between him and the patient. To bring the case within the statute it is sufficient that the person attended as a physician upon the patient and obtained his information in that capacity. Section 835 provides that " an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given therein in the course of his professional employment." Before that section can apply in any case a contract relation of attorney and client must exist based upon an employment by the client, and the decisions holding this, to which our attention has been called, have no bearing upon section 834. It is not disputed and could not well be, that the information obtained by the witness was necessary to enable him to act in his professional capacity. Therefore, if the letter of the statute is to prevail, it cannot be doubted that the rulings of the trial judge were correct.

But it is claimed that the statute should be held not to apply to testamentary cases. There is just as much reason for applying it to such cases as to any other, and the broad and sweeping language of the two sections cannot be so limited as to exclude such cases from their operation. There is no more reason for allowing the secret ailments of a patient to be brought to light in a contest over his will than there is for exposing them in any other case where they become the legitimate subject of inquiry. An exception so important, if proper, should be engrafted upon the statute by the legislature, and not by the courts.

It is also claimed that the statute should be so construed as only to prohibit the disclosures by a physician of any information of a confidential nature obtained by him from his patient while attending him in a professional capacity. Such was the view of the statute taken by me in my opinion in *Edington* v. *Ætna Life Ins. Co.* (77 N. Y. 564); but my brethren

were then unwilling to concur with me in that view. When
the same question again came before the court in *Grattan* v.
*Metropolitan Life Ins. Co.* (80 N. Y. 281) I again attempted
to enforce the same view upon my brethren, and again failed,
and it was then distinctly held that the statute could not be
confined to information of a confidential nature, and that
the court was bound to follow and give effect to the plain lan-
guage without interpolating the broad exception contended for.

It is further contended that the rule laid down in *People* v.
*Pierson* (79 N. Y. 424) should be applied to this case. We
there held that the statute did not cover a case where its prohi-
bition was invoked solely for the protection of a criminal, and
not at all for the benefit or protection of the patient who was
dead, and a waiver of the prohibition had, therefore, become
impossible. We are unable to perceive how the reasoning
upon which that decision rests can have any application to
this case. Here there is no allegation of crime, and there is a
mere contest over the patient's property.

It is probably true that the statute, as we feel obliged to con-
strue it, will work considerable mischief. In testamentary cases
where the contest relates to the competency of the testator, it
will exclude evidence of physicians which is generally the
most important and decisive. In actions upon policies of life
insurance where the inquiry relates to the health and physical
condition of the insured, it will exclude the most reliable and
vital evidence which is absolutely needed for the ends of jus-
tice. But the remedy is with the legislature, and not with the
courts.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.