DORA WEITZ *et al.*, Respondents, v. THE MOUND CITY RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 31, 1893.

Evidence: COMPETENCY OF PHYSICIAN. When a physician examines a patient in order to be enabled to prescribe for her, the fact that he made the examination at the instance of a third person through whose negligence the patient was injured, will render him incompetent to testify to the results of such examination, unless it appears that the patient was advised that he came to examine her in the interest of such third person, and not in her own.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*G. A. Finkelnburg* and *O. J. Mudd,* for appellant.

The exclusion of a physician's testimony is a statutory one, and it is not only in derogation of the common law but its tendency is to suppress the best evidence on the subject to which it relates. Hence, the burden is on the objector to show that all the elements of exclusion exist. *Henry v. Railroad,* 10 N. Y. Sup.

508; *Linz v. Ins. Co.*, 8 Mo. App. 363; *Gartside v. Ins. Co.*, 8 Mo. App. 592; *Kendall v. Gray*, 2 Hilt. (N. Y.) 300; *Campau v. North*, 39 Mich. 606. The relation of physician and patient is the basis and reason of the exclusion, and this relation is one of contract, express or implied. There must be an express or implied employment. *In re Freeman*, 46 Hun, 458; *Linz v. Ins. Co.*, 8 Mo. App. 363; *Henry v. Railroad*, 10 N. Y. Sup. 508; *People v. Stout*, 3 Parker's Crim. Rep. 670. It is the confidential relation which is to be protected, and this confidential relation is wholly wanting where (as in the case at bar) the physician is sent by an adverse party for the mere purpose of ascertaining the nature and extent of an injury, and the injured person knows this and has a physician of his own for treatment and advice.

*John A. Talty* and *Robert M. Foster*, for respondent.

The record shows that all the elements for the exclusion of the testimony of the medical experts existed. Both Dr. Standing and Dr. Frazer prescribed for plaintiff and examined her to enable then to do so. The spirit of the statute we apprehend to be that, whenever the patient yields to examinations and makes communications which he would not otherwise have made, the seal of secrecy shall be set on the transaction. *Streetor v. City of Breckenridge*, 23 Mo. App. 244–252; *People v. Stout*, 3 Parker's Crim. Rep. 670. The moment the doctors examined and prescribed for her, that moment the confidential relation commenced. When a physician has attended upon a person, under circumstances calculated to induce the opinion that his visit was of a professional nature, and the visit has been so regarded and acted upon by the person, the relation of physician and surgeon contem-

plated by the statute exists.　*Grattan v. Ins. Co.*, 24
Hun, 43, 44; *Kling v. City of Kansas*, 27 Mo. App. 240;
*People v. Stout*, 3 Parker's Crim. Rep. 276.

ROMBAUER, P. J.—The plaintiff recovered a judg-
ment for $1,500 for personal injuries, sustained while a
passenger on defendant's road.　She claimed that the
injuries were caused by the negligence of defendant's
driver in driving the car in which she rode over an
obstruction on the track, whereby she was thrown from
her seat and permanently injured.　She gave evidence
of the facts alleged in her petition, which, if true,
warranted the verdict.

The defendant called two physicians, Dr. Standing
and Dr. Frazer, presumably for the purpose of estab-
lishing by their evidence that the injuries received were
not of a permanent nature, or not attributable to the
cause assigned.　Their testimony was excluded by the
court, on the ground that it was inadmissible under
that part of section 8925 of the Revised Statutes of
1889, which renders a physician or surgeon an incom-
petent witness "concerning any information which he
may have acquired from any patient while attending
him in a professional character, and which information
was necessary to enable him to prescribe for such
patient as a physician, or to do any act for him as a
surgeon."

The point made on the exclusion of Dr. Standing's
testimony is not pressed in this court, as it stands con-
ceded that he attended upon the plaintiff as her phy-
sician, and examined her in that capacity, and it does
not appear that he gained any information of value to
the defendant, outside of such professional examina-
tion.　But the point made on the exclusion of Dr.
Frazer's testimony is strongly pressed, the defendant
claiming that the court rejected him as a *witness,*

regardless of the character of the testimony he was about to give.

It appeared, upon the preliminary examination of Dr. Frazer, that he was requested by the defendant to visit the plaintiff for the purpose of examining her to ascertain what ailment, if any, she had in consequence of the alleged accident, and that he did so and prescribed for her, but not at her request. Being examined by the plaintiff's counsel, the witness stated that he examined the plaintiff and afterwards prescribed for her, and examined her to be enabled to prescribe for her. In answer to defendant's counsel, the witness stated that he had never examined the plaintiff for the purpose of obtaining information to base a prescription on, and had no intention of prescribing for her when he examined her. Counsel for defendant then asked that the witness be permitted to explain under what circumstances he prescribed for the plaintiff. The plaintiff's counsel objected, and said that he stood on his objections under the statute. The court sustained the objection. What took place thereafter is stated in the bill of exceptions as follows: "The court: Did you examine that lady with the consent of her attending physician,—did you go there and examine her in conjunction with him? A. She had no attending physician; Dr. Standing was presumably her attending physician; I went there in company with Dr. Standing the morning succeeding the accident; I went there in company with him.

"The court: And examined the lady with his suggestions? A. Yes, with his consent and with her consent.

"The court: The objection will be sustained. (Whereupon the witness left the stand.) To which action of the court, in sustaining said objection and in

excluding all further testimony of the witness, the defendant then and there excepted.''

It will be seen from the foregoing statement that the difficulty in this case is to determine from the record what the exact ruling of the court was. The defendant tried to elicit certain information from the witness. The plaintiff objected to the evidence to the extent to which it was protected by the privilege of the statute, and the court sustained the objection. It does not appear from any ruling which the court made that the court went further, although it would seem from remarks of the judge that the court was prepared to go further, and exclude the witness altogether. The exception to the exclusion of all further testimony of the witness appears to us to be an exception to a ruling which does not appear, and cannot warrant the reversal of the judgment.

It has been decided in *Gartside v. Ins. Co.*, 76 Mo. 446 (affirming the judgment of this court reported in 8 Mo. App. 592), that the object of the statute was to impress secrecy upon the knowledge acquired by a physician in the sick chamber, whether acquired by conversations had with the patient, or as the result of observation or examination of such patient, and which information was necessary to enable him to prescribe for the patient. We concede that, in order that such knowledge should be protected, the relation of physician and patient must exist, at least to the extent of impressing the patient with that belief. *People v. Stout*, 3 Park. Crim. Rep. 670; *People v. Murphy*, 101 N. Y. 126; *Henry v. Railroad*, 10 N. Y. Sup. 508. The words in the statute ''attending him'' necessarily imply that limitation. We further concede that even the attending physician is not disqualified from testifying as to facts which he learned from the patient touching the condition of the latter, and which were in no

way necessary to enable the physician to treat the patient (*Campau v. North*, 39 Mich. 606); also that the burden of showing the disqualification rests with the party objecting to the evidence. *Linz v. Ins. Co.*, 8 Mo. App. 363. But we cannot see how all this puts the trial court in error on the rulings it made.

It appeared on Dr. Frazer's testimony that he examined the patient to be enabled to prescribe for her, which rendered him *prima facie* incompetent to testify to his knowledge derived from such examination, whether acquired from conversation or observation. There is nothing in the record to show that the relation of physician and patient did not exist between him and the plaintiff, that is to say, there is nothing to show that the patient in speaking to him was advised that he came to examine her in the interest of defendant, and not in her interest. There is no offer on part of the defendant to prove these facts or any of them by the witness. There is no offer to show that the witness was called to testify to other facts than such as he learnt from the examination of the patient, and which are covered by the statutory privilege. While we are impressed that the court probably *misconceived* the law, yet we cannot find that it *misapplied* it in a manner warranting a reversal of the judgment for prejudicial error.

With the concurrence of all the judges the judgment is affirmed.