FRANK C. KEIST, Administrator of the Estate of Edward McGrath, Deceased, Appellant, v. THE CHICAGO GREAT WESTERN RAILROAD COMPANY.

**Negligence.** It is negligence for a railway company to maintain a stock chute in such close proximity to passing cars as to endanger the lives of brakemen in using the ladders on the side of the cars.

**JURY QUESTION** Whether an employe, injured by striking a stock chute while on the ladder of a car in the discharge of his duty, knew of the danger incident to the chute, or, if he did know of it, whether, under the circumstances, he had the danger in mind, and ought to have avoided it, is for the jury, under proper instructions.

**EVIDENCE.** In an action against a railway company for the death of an employe, occasioned by a stock chute near the track, evidence as to the construction of stock chutes on other railways on which such employe had served is incompetent where it is not shown that his employment on such railways was where the chutes were located or that he had any knowledge whatever of them.

**SAME.** Evidence as to the construction of chutes on defendant's road over which deceased was employed prior to the accident is competent as showing the deceased's knowledge of the dangerous proximity of the chutes to the track.

**PRIVILEGED COMMUNICATIONS.** Statements by an injured employe to a physician of a railway company, attending at the instance of the company to diagnose the case and to administer treatment, as to how the accident happened, are inadmissible in an action for the damages, over the objection that they are incompetent; being privileged communications.

*Appeal from Blackhawk District Court.—*HON. A. S. BLAIR, Judge.

Friday, December 15, 1899.

Action to recover damages resulting from the death of Edward McGrath, alleged to have been caused by negligence of the defendant without fault on the part of the deceased, while he was in the employ of the defendant as a brakeman, and in the line of his duty. The defendant answered, denying negligence on its part, denying care on the part of deceased, and alleging that deceased knew of the danger, that he made no objections thereto, was promised no change therein, and continued in the service. After all the evidence was introduced, the defendant moved for a verdict on the grounds that the evidence does not show that it was negligent as alleged, and does show that the deceased was guilty of negligence contributing to his injury. This motion was sustained, and verdict and judgment rendered for the defendant. Plaintiff appeals.—*Reversed.*

*Birdsall & Brunn* and *Powell & Paschal* for appellant.

*O. C. Miller* and *J. E. Williams* for appellee.

Given, J.— I.   There is no dispute as to the material facts, and they are, in substance, as follows: The deceased, a brakeman, with experience of a year or more, was in the employ of the defendant as head brakeman on a freight train, and had been, for about one month, running on a line between Des Moines and Oelwein. On the 18th day of March, 1897, he was working on a freight train being run northeast from Des Moines to · Oelwein. At Reinbeck this train was to be run in from the southwest onto a side track south of the main line, to permit another train, due in five minutes, to go southwest. Two cars were standing apart on this side track, which it was necessary to couple in front of the engine that they might be pushed further in on the side track so that the train would clear the main line. On the

south side of this side track there was a stock chute, the platform of which was about on a level with the floor of freight cars, and within 5 to 7 inches of the side of passing cars at the west end, about 8 or 9 inches at the middle, and 11½ inches at the east end. The deceased, after coupling the first car to be pushed to the front of the engine, went upon that car to release the brakes, and, having done so, went down a ladder on the northeast end of said car, and on the northeast corner thereof, for the purpose of reaching the ground so as to couple that car to the other one to be pushed in. To reach the ground it was necessary for him to step from the bottom of the ladder to the stirrup or step at the bottom and on the side of said car, and to take hold of a small hand-hold placed there for that purpose. When deceased made this step, he was within about ten feet of the chute, and, discovering the danger of being caught between the chute and the car, he signaled the engineer to stop, and attempted to get upon the chute, but his left foot slipped, and he was caught between the chute and car, and received the injuries which caused his death in a few days thereafter. At the time the deceased came down the ladder, the train was being moved at about two or three miles per hour, and his signal to stop was promptly obeyed, and the train stopped by the time the body of deceased was rolled two or three times around between the car and chute. Other facts will be noticed further on.

II. Defendant was permitted, over plaintiff's objection, to introduce evidence as to the construction of stock chutes on the Chicago, Rock Island & Pacific Railway between Des Moines and Grinnell, and on the Des Moines, Northern & Western Railway between Des Moines and Fonda. We do not understand the defendant as claiming that this evidence was competent to show absence of negligence on its part. The usual custom or practice of other railroad corporations would not exempt the defendant from liability if the custom or practice disregards the safety of

the employe. *Allen v. Railway Co.*, 64 Iowa, 94. It appears that the deceased had been in the employ of each of these companies as brakeman, and therefore it is claimed that this evidence is competent as showing knowledge on the part of the deceased as to the proximity of chutes to passing freight cars. There is no evidence that his employment was upon the parts of the line of these companies where the chutes testified about were located, nor that he had any knowledge whatever as to said chutes. We think it was error prejudicial to the plaintiff to admit this evidence. There was also evidence admitted over plaintiff's objection as to the construction of chutes on the part of the defendant's road over which the deceased had been employed for a month preceding the accident. In view of the evidence as to what deceased had had to do with some of these chutes, and his opportunity of observing them during the time of his employment, we think there was no error in admitting this evidence. It was competent to be considered by the jury, as it tended to show knowledge on the part of deceased as to the dangerous proximity of the chutes.

III. Dr. C. S. Chase, a surgeon in the employ of the defendant, as such visited the deceased at the instance of the defendant on the day following the accident. He called to ascertain the extent of the injuries, how they were received, to diagnose the case, to consult with the attending physician, and to approve or disapprove the treatment, and, if necessary, to administer treatment. During the course of his interview with the deceased, he informed him why he had called, and reduced to writing statements made by the deceased as to how the accident occurred, which statement the deceased signed. This statement, and the doctor's evidence as to other statements made to him by the deceased as to how the accident happened, were admitted in evidence over plaintiff's objection as being incompetent. This case is clearly within the rule in *Raymond v.*

*Railway Co.,* 65 Iowa, 152, and under the ruling in that case the objection should have been sustained.

IV.    Plaintiff's claim is that the defendant was negligent in constructing and maintaining this stock chute in such close proximity to passing cars. In sustaining the motion for a verdict the court must have held, as a matter of law, either that the defendant was not negligent in maintaining the chute as it was, or that the deceased, knowing of the negligence, waived objection thereto, and continued in the service, thereby assuming the risk incident to the location and construction of the chute. We think, under the undisputed facts, it must be said, as a matter of law, that it was negligent on the part of defendant to maintain that chute in such close proximity to passing cars. It was upon a side track, used, not only for loading live stock, but also for the passing of trains, and where brakemen were required to get off and on cars, with more or less haste, by means of the ladders and steps provided for that purpose. The defendant had no right "to construct its cattle chute in such manner, and in such close proximity to the railroad track, as would best subserve its purpose in safely loading and unloading live stock. The law required defendant to exercise thought for the safety of its employes. Its care is not to be exhausted in providing for the safety of the cattle taken upon the train. Human life demands of it consideration." *Allen v. Railway Co., supra.* In that case the evidence showed that there was ample space between the chute and car for a person to pass in safety while on the side of the car, and therefore it was held that the defendant was not negligent in maintaining the chute; but in this case it is beyond dispute that there was not space for the safe passage of a person on the side of the car. In addition to the limited space between the chute and car, it may be mentioned that there is undisputed evidence that the rail next to the chute was lower than than the opposite rail, thus inclining the side of the passing car still closer to the chute. In main-

taining the chute as and where it was, defendant must have foreseen that just such accidents as this were liable to occur, and herein the case differs from *McKee v. Railway Co.*, 83 Iowa, 616. In that case the wing fence against which deceased was carried and injured was located out in the open country, and the accident was one of such rare occurrence as that the defendant, in the exercise of reasonable diligence, was not required to provide against.

Had the court a right to hold, as a matter of law, that deceased had waived the negligence incident to the location and construction of the chute? It is questionable, under the evidence, whether the deceased knew of the danger incident to the chute, and, if he did know of it, whether, under the circumstances in which he was acting, he should be held to have had the danger in mind, and to have avoided it. We think these questions should have been submitted to the jury under proper instructions. While many authorities are cited, there is no real dispute as to the law applicable to this case, and therefore we do not refer further to these authorities. For the errors pointed out, the judgment of the district court is REVERSED.

GRANGER, J., not sitting.