ANNA MUNZ, Respondent, v. SALT LAKE CITY RAILROAD COMPANY, a Corporation, Appellant.

No. 1385.   (70 Pac. 852.)

1. **Witnesses: Privilege: Physician.**
Under Revised Statutes, section 3414, providing that a physician can not, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable him to prescribe for the patient, a physician who was sent by a street railroad company to examine a passenger who had been injured was not entitled to testify as to any information acquired while attending such person.

2. **Same: Presumption.**
Where a physician was sent to make an examination of a passenger injured by a street railroad company, it will be presumed that the relation of physician and patient existed with regard to such examination, and that the information obtained was for the purpose of enabling the physician to prescribe and act for the patient.

(Decided, December 13, 1902.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. Charles W. Morse,* Judge.

Action to recover damages for personal injuries alleged
to have been sustained by the plaintiff through the negli-
gence of the defendant. From a judgment in favor of the
plaintiff, the defendant appealed.

AFFIRMED.

*Messrs. Bennett, Sutherland, Van Cott & Allison* for
appellant.

The statute (R. S., sec. 3414) has a tendency to prevent
the full disclosure of the truth and should be strictly con-
strued. Appeal of Turner, 44 Atl. Rep. 310; Satterlee v.
Bliss, 36 Cal. 490, 507-8; Foster v. Hill, 12 Pick. 97;
Gower v. Emery, 18 Me. 82.

Where the physician is the common agent of both parties,
or examines the patient at the instance of the adverse party,
as in the case at bar, the communications of the patient
to the physician are not privileged. 3 Jones Ev., sec. 777;
1 Greenl. Ev. (16 Ed.), 247a; Nesbitt v. People, 19 Colo.
441, 461; People v. Hoch, 150 N. Y. 291, 302-3; People
v. Sliney, 137 N. Y. 570, 580; People v. Schuyler, 106
N. Y. 298.

The proposed evidence of Dr. Wilcox was admissible and
the court erred in excluding it. He was not plaintiff's phy-
sician in the sense contemplated by the statute. He ex-
amined her in the interest of the defendant, and, presum-
ably was paid for his services by the defendant. She knew
that she could not enjoin secrecy on his part even if she de-
sired to. She reposed no confidence in him, and therefore
there could be no abuse of confidence on his part. She vol-
untarily submitted herself to an examination made by the
agent of her adversary, and made certain statements to him,

and it is unreasonable to hold that secrecy was enjoined upon him, when it was his duty to his principal to divulge such information. Not only was it his duty to do so, but the presumption is that he performed that duty.

E. A. Walton, Esq., and Messrs. Powers, Straup & Lippman for respondent.

While we are evidently within the statute, strictly construed, yet we suggest that this section is to be construed liberally with a view of affecting the object of the statute in, accordance with our own rule of construction of statutes in derogation of the common law announced in and by section 2489 of the Revised Statutes, and the following cases hold that the statute should be liberally construed: Edington v. Ins. Co., 67 N. Y. 185-194; Renihan v. Dennin, 103 N. Y. 577.

The following cases hold that the fact that someone other than the patient employs the physician does not remove or lessen the privilege: N. Y. C. & St. L. Ry. Co. v. Mushrush, 11 Ind. App. 192; Weits v. Mound City Ry. Co., 53 Mo. App. 39; Keist v. Ry. (Ia.), 81 N. W. 181; Colo. F. & I. Co. v. Cummings, 46 Pac. 875; Griffiths v. Met. St. Ry. Co., 71 N. Y. S. 406; Raymond v. Railway, 65 Iowa 152.

BARTCH, J.—This suit was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff through the negligence of the defendant. It was, among other things, alleged in the complaint that, while the plaintiff was a passenger on one of the defendant's street cars, the car was prematurely, violently, and negligently started, and that, as a result thereof, the plaintiff was violently thrown against the door and seat of the car, and permanently injured. In the answer these allegations were denied. At the trial a verdict was returned in favor of the plaintiff for $750, and judgment entered accordingly. This

appeal is from the judgment.    The decisive question relates to the refusal of the court, upon objection, to permit certain physicians, who had made an examination of the injured, after the accident, to testify to what such examination revealed.    Relating to this, the plaintiff testified: "Dr. Wilcox called on me and made an examination.    I was in bed when he came.'  I went to see Superintendent Read about my injury.    He sent me Dr. Wilcox. )  We had no money to pay a doctor.    I sent for Dr. Anderson, and he did not come." Dr. Wilcox, sworn as a witness for the defendant, stated that he "examined the patient at her home by request of an official of the street railroad company;" that he was at liberty to prescribe treatment; that, if he had found a condition that needed treatment, he would have prescribed; that he did prescribe and treat such cases where they required it; and that one of the conditions in view when the examination was made was to prescribe, if necessary.    Upon further examination of the witness Dr. Wilcox, questions were propounded to him by the defense, as follows:  "Q. I wish you would tell the jury what you saw, and what was said and done?  You may state the result of your examination."    These questions were objected to as incompetent and inadmissible under the statute, and the objections sustained.

The appellant insists that the information acquired by the physician, under the circumstances, was not privileged, and that the action of the court in the premises was erroneous.    Doubtless, this contention would be sound at common law, for it extended no protection to a physician, acting in his professional capacity, in regard to information acquired confidentially.    Greenl. Ev. (15 Ed.), secs. 247, 248; Underh. Cr. Ev., sec. 179.    In this State, however, the common law in this regard has been superseded by statutory enactment creating the privilege, and closing the mouth of the physician, under certain conditions, as to such information, unless, by consent of the patient, he be permitted to speak.    The enactment referred to in section 3414, Revised

Statutes, so far as material here, provides: "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases: . . . 4. A physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient." The policy of this law is to keep inviolate the secrets of those who are in charge of physicians, and to encourage confidence between physician and patient. Whether the statute is a wise or unwise enactment is not for the courts to decide. It is their province to give it such a reasonable interpretation as will give effect to the legislative will. Its evident purpose is to prevent a physician from disclosing information obtained in the sick room necessary to properly discharge his professional duties to the patient, and this is so as to any such information, whether obtained directly from the lips of the patient, or from observation, or from those present at the time of the examination. Nor is it material in such case that the physician was called by the patient or a stranger, or, as in this instance, by an officer of the defendant company, at the request of the patient. In general, whenever such an examination is made, the presumption is that the relation of physician and patient exists, and that the information is obtained for the purpose of enabling the physician to prescribe or act for the patient. In Edington v. Insurance Co., 67 N. Y. 185, it was said: "To open the door to the disclosure of secrets revealed on the sickbed, or when consulting a physician, would destroy confidence between the physician and the patient; and, it is easy to see, might tend very much to prevent the advantages and benefits which flow from this confidential relationship. The point made that there was no evidence that the information asked for was essential to enable the physician to prescribe is not

well taken, as it must be assumed from the relationship exist-
ing that the information would not have been imparted except
for the purpose of aiding the physician in prescribing for
the patient. Aside, however, from this, the statute in ques-
tion, being remedial, should receive a liberal interpretation,
and not be restricted by any technical rule. When it speaks
of information, it means not only communications received
from the lips of the patient, but such knowledge as may be
acquired from the patient himself, from the statement of
others who may surround him at the time, or from observa-
tion of his appearance and symptoms." 3 Jones, Ev., sec.
777; Renihan v. Dennin, 103 N. Y. 573, 9 N. E. 320, 57
Am. Rep. 770; Railroad Co. v. Mushrush, 11 Ind. App. 192,
37 N. E. 954, 38 N. E. 871; Keist v. Railroad Co. (Iowa),
81 N. W. 181; Weitz v. Railway Co., 53 Mo. App. 39;
Iron Co. v. Cummings (Colo. App.), 46 Pac. 875; Ray-
mond v. Railway Co., 65 Iowa 152, 21 N. W. 495; Grif-
fiths v. Railroad Co. (Sup.), 71 N. Y. Supp. 406. In the
case at bar the physician made the examination with the
view of prescribing if the condition of the patient required
it, and under the circumstances disclosed in evidence it is
clear that the relation of physician and patient existed, and
the information thus obtained was privileged under the stat-
ute. The court therefore properly excluded the evidence in
dispute. Nor was the exclusion of the offer of testimony
made by the defense erroneous. And likewise as to the tes-
timony of the witness Dr. H. A. Anderson. There appears
to be no reversible error in the record.

The judgment is affirmed, with costs.

BASKIN, J., concurs.


ROLAPP, District Judge.—I concur in the result, but
I cannot concur in so much of the opinion expressing the doc-
trine that any physical examination made upon a person by
a physician or surgeon raises a presumption that the relation
of physician and patient exists, or that such examination
creates any presumption that the information acquired is for

25 Utah—15

the purpose of prescribing or acting for such examined person; nor can I concur in so much of the opinion as approves the doctrine that the statute in question should not be restricted by technical rules. On the contrary, I am of the opinion that, before a party to an action can avail himself of the provisions of this statute, he should affirmatively show that the proffered witness is disqualified from testifying and that his testimony would violate the express provisions of the statute.