[Civ. No. 585.   Second Appellate District.—January 27, 1909.]

## JOHN STEWART, Appellant, v. NELSON G. DOUGLASS et al., Respondents.

MINING CLAIMS—TRUST—AGREEMENT FOR JOINT LOCATION WITH DISCOVERER—PATENTED LAND—LOCATION ELSEWHERE—FINDINGS—CONFLICTING EVIDENCE.—Upon appeal from a judgment for defendants in an action to enforce a trust in mining claims, under an alleged agreement with the discoverer, who pointed out the location, when the record shows substantially conflicting evidence as to whether the plaintiff pointed out any other discovered mine than one situated on patented land, and as to whether defendants' locations were made elsewhere, and were not pointed out by plaintiff, the findings for the defendants will not be disturbed.

ID.—EVIDENCE—STATEMENTS BY PLAINTIFF TO ATTORNEY—QUESTION OF PRIVILEGE—PRELIMINARY PROOF—FINDING UPON CONFLICT—ADMISSIBILITY.—When statements made by plaintiff to an attorney were

offered in evidence, and were objected to by him as privileged, the court properly took preliminary proof upon the question as to whether the attorney was employed by plaintiff; and where it found upon conflicting evidence that there was no employment of the attorney by plaintiff, and that the evidence was not privileged and was admissible, the conclusion of the trial court upon that question, as upon any other question of fact, must stand as final.

ID.—IRRELEVANT EVIDENCE CORROBORATING DEFENDANT.—Where the evidence between plaintiff and defendant was sharply conflicting as to whether plaintiff pointed out his discovered mine as situated on the patented land or not, the admission of evidence for the defendant to corroborate him, by testimony that the north line of the patented property was "by public reputation" far enough north to take in the discovered mine, was irrelevant, and the plaintiff's objection thereto should have been sustained.

ID.—IRRELEVANT EVIDENCE, WHEN NOT GROUND OF REVERSAL.—The admission of irrelevant evidence is not ground for reversal when it appears to be of slight consequence, and it does not appear that the court, in making its decision, relied thereupon.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, Variel & Hannon, and E. Edgar Galbreth, for Appellant.

Patterson Sprigg, Valentine & Newby, and Wright, Schoonover & Winnek, for Respondents.

BORDWELL, J., *pro tem.*—Plaintiff claims to have been the original discoverer of valuable mineral deposits on unoccupied lands of the United States, the exact whereabouts of which he informed the defendant Douglass, who, in consideration thereof, agreed to locate mining claims covering such deposits in the name of the plaintiff and himself jointly; that the defendant made two locations, one thereof in his own name, and one in the name of the defendant Rosalind O. Butterfield; that said claims were known by the name of the "Stewart Mine" and the "Mission Mine," respectively; that the defendant Butterfield took whatever interest she has in the claim standing in her name with full knowledge of the understanding existing between Douglass and the plaintiff. The

latter seeks judgment declaring a trust in his favor to the extent of an undivided one-half interest in the claims, and requiring the defendants to convey the same to him. Other parties are made defendants under the allegation that they have or claim some interest in the property in question, subject to the rights of the plaintiff.

This case was before the supreme court on appeal from a judgment entered upon a ruling sustaining a demurrer to the complaint (148 Cal. 511, [83 Pac. 699]), where it was decided that the complaint stated a cause of action. Upon the return of the case to the superior court, an answer was filed and a trial of the issues of fact resulted in a judgment for defendants.

The appeal here is from the judgment upon a bill of exceptions presenting the evidence. The plaintiff urges that the evidence is insufficient to support the findings, and that the trial court erred in receiving certain evidence over his objection.

The evidence directed to the issues of fact was substantially conflicting. Under such circumstances, the determination of the trial court that the plaintiff has not made out a case by preponderance of evidence will not be disturbed.

The first assignment of error argued by plaintiff relates to the ruling of the court admitting evidence of certain statements made by him to an attorney at law over the objection that they were privileged. When this objection was made, and before passing upon it, the court took the testimony of witnesses to determine whether or not these statements were made in the course of professional employment. This was the proper procedure. The court found that the statements were not so made. It being within the province of the trial court to pass upon this, like any other question of fact, and the evidence being conflicting, the conclusion of the trial court will stand as final.

There seems to be no dispute but that the plaintiff pointed out to the defendant Douglass the location of the mineral deposits; also that the principal deposit is on the land now known as the Stewart mine, then unoccupied government land. It was contended by the defendant that he was told by the plaintiff that the land, which now constitutes the Stewart mine, was within the boundaries of a patented forty acres known as the "Alvarado property." To the issue whether the

plaintiff pointed out the location of the Stewart mine as within or without the boundaries of the Alvarado property, the plaintiff testified positively in the affirmative, and the defendant positively in the negative.    To discredit the plaintiff and corroborate the defendant, the latter presented a witness who was allowed, against the objection of the plaintiff, to testify that the north line of the Alvarado property was ''by public reputation located'' far enough north to take in the Stewart mine. The plaintiff's objection to this and other similar questions should have been sustained.    However, we do not feel that the error was substantially prejudicial, nor that the case should be reversed on that account.    The testimony of this witness was of very slight consequence, and, we conclude, had no influence upon the mind of the court in determining the issue whether or not plaintiff told Douglass that the property now known as the Stewart mine was within the boundaries of the Alvarado property.    It has been held by the supreme court that a case tried to the court should not be reversed ''for the admission of irrelevant evidence, unless it appears that the court, in making its decision, relied on the irrelevant evidence.'' (*White* v. *White*, 82 Cal. 452, [23 Pac. 276].)

It follows that the judgment should be affirmed.

It is so ordered.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1909.