## PHELPS DODGE CORPORATION v. GUERRERO.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1921.)

No. 3591.

1. **Witnesses** ☞219(5)—**Testimony plaintiff visited physician, who treated his eye, does not waive privilege to exclude physician's testimony.**

Under Civ. Code Ariz. 1913, par. 1677, forbidding testimony by a physician, without consent of his patient, as to any communication made by the patient or any knowledge obtained by personal examination, but

providing that, if the patient voluntarily testified with reference to such communication, he thereby consents to the examination of the physician, testimony by plaintiff that he visited a physician, who examined his eyes and put some drops in them, does not waive the privilege, since it is not testimony to any communication made to the physician.

**2. Witnesses ⬤⟾222, 223—Whether testimony is privileged is question for trial court, and evidence relating thereto may be received.**

The question whether the testimony of a physician was privileged is a question for the trial court, on which it was proper for that court to hear testimony preliminary to determining it.

**3. Witnesses ⬤⟾222—Party claiming privilege has burden of proving it.**

As a general rule, the burden of proof to establish the existence of a privileged communication rests on him who claims it.

**4. Witnesses ⬤⟾222—Presumption that person visiting physician did so to receive treatment.**

In an action for personal injuries to an employee, where defendant's manager testified plaintiff voluntarily visited a physician to be examined, for the information of the company as to the extent of his injury, while plaintiff testified his visit was for treatment, the exclusion by the trial court of the physician's testimony as privileged was not erroneous, though the burden was on the plaintiff to establish the privilege, and the trial court stated the evidence was evenly balanced, since there is a presumption that a person who visited a physician did so for the purpose of receiving treatment.

**5. Witnesses ⬤⟾210—Accidental injury to eye is "disease," as to which testimony is privileged.**

An accidental injury to the eye of an employee, for treatment for which the employee consulted a physician, is a "disease," within Civ. Code Ariz. 1913, par. 1677, subd. 6, making privileged information obtained by a physician of a patient suffering from any disease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Disease.]

Hunt, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Arizona, William H. Sawtelle, Judge.

Action by Epifanio Guerrero against the Phelps Dodge Corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Everett E. Ellinwood, John Mason Ross, James S. Casey, and John E. Sanders, all of Bisbee, Ariz., for plaintiff in error.

L. Kearney, of Clifton, Ariz., and James R. Dunseath, of Tucson, Ariz., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error brings under review certain rulings of the court below in excluding testimony offered by it in its defense to an action brought by the defendant in error under the Employers' Liability Law of Arizona (Civ. Code Ariz. 1913, pars. 3153–3162), for personal injuries sustained while he was in the service of the plaintiff in error. The rulings to which error is assigned were based upon paragraph 1677, Revised Statutes of Arizona, Civil Code 1913, which is as follows:

"(6) A physician or surgeon cannot be examined, without the consent of his patient, as to any communication made by his patient with reference to

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

any physical or supposed physical disease or any knowledge obtained by personal examination of such patient; provided, that if a person offer himself as a witness and voluntarily testified with reference to such communications, that is to be deemed a consent to the examination of such physician or attorney."

The injury complained of in the action was injury to the eyes of the plaintiff. His eyes were examined and treated by various physicians, who were employed by the defendant, and under the evidence disclosed in the case the court below was called upon to rule on the question whether or not the relation of patient and physician existed between the doctors and the plaintiff. The court ruled in each instance that such relation did exist, and excluded the proffered testimony. The defendant assigns error to the rulings, and contends that the court should have submitted to the jury the question whether or not such relation existed.

[1] The plaintiff testified that a doctor in Morenci treated him; that he put "some kind of water, that was too strong, in my eye." Again he said:

"I used to go over to the doctor at Morenci, and he put some drops in my eye, and that was all he did."

From this and similar statements it is argued that the plaintiff waived the privilege of the statute and that on cross-examination he might be compelled to testify, and that the doctors were at liberty to testify as to the privileged matter. In 40 Cyc. 2399, it is said:

"There must be a distinct and unequivocal waiver, in order to authorize the disclosure of privileged communications."

The Arizona statute provides that there is waiver if the patient offer himself as a witness and voluntarily testify with reference to such communications. But here the plaintiff had given no such testimony. To testify that a doctor treated him and put drops in his eye was not to testify concerning communications made by him to the doctor, and it did not amount to waiver of the privilege conferred by the statute. Testimony that "does not recite the communication works no waiver." Union Pacific v. Thomas, 152 Fed. 365, 368, 81 C. C. A. 491; Burgess v. Sims Drug Co., 114 Iowa, 275, 86 N. W. 307, 54 L. R. A. 364, 89 Am. St. Rep. 359.

The Arizona statute has been under consideration in the following cases: In Arizona & N. M. Ry. Co. v. Clark, 207 Fed. 817, 125 C. C. A. 305, this court held that the statute was designed to protect the patient, and should be liberally construed to that end. That case was taken to the Supreme Court (Arizona & New Mexico Ry. Co. v. Clark, 235 U. S. 669, 35 Sup. Ct. 210, 59 L. Ed. 415, L. R. A. 1915C, 834), and it was therefore held that the privilege is waived only in the event that the patient offers himself as a witness and voluntarily testifies with reference to such communications. The court said that the statute—

"contemplates that the patient may testify with reference to what is communicated by him to the physician, and in that event only it permits the physician to testify without the patient's consent. * * * The act gives him the option of excluding the physician's evidence entirely by himself refraining

from testifying voluntarily as to that respecting which alone their knowledge is equal, namely, what the patient told the physician with reference to the ailment."

In Arizona Eastern R. Co. v. Matthews, 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149, the Supreme Court of Arizona held that a patient may object to a physician testifying as to what he may have learned in his professional capacity, unless the patient has himself testified to the communication which he made to the physician.

The manager of the defendant testified that, by agreement and with the consent of the plaintiff, the latter was sent to a physician for examination, so that the physician might inform the defendant of the nature of the plaintiff's injury. It is contended that, when the patient consents to an examination by a physician for the purpose of informing a third party of his injury, the relation of physician and patient is not established, and that it was error to exclude the testimony of the physician. The plaintiff, however, testified that he did not go to the physician for the purpose indicated by the defendant's witness, that he had no such agreement or understanding with the defendant's manager, and that he went to the physician with the understanding that he was to be treated for the benefit of his eye. The trial court observed that the evidence was evenly balanced and sustained the objection.

[2] The question whether the testimony was privileged was a question for the trial court, and it was proper for that court to hear testimony preliminary to determining it. 40 Cyc. 2396; Hughes v. Boone, 102 N. C. 137, 9 S. E. 286; Hull v. Lyon, 27 Mo. 576; Bacon v. Frisbie, 80 N. Y. 394, 36 Am. Rep. 627; Stewart v. Douglass, 9 Cal. App. 712, 100 Pac. 711. And it has been held that, upon a conflict of evidence, the decision of the trial court upon the question of the existence of the privilege must be deemed conclusive, and that the discretion exercised by that court is not the subject of exception. State v. Louanis, 79 Vt. 463, 65 Atl. 532, 9 Ann. Cas. 194; Childs v. Merrill, 66 Vt. 302, 29 Atl. 532; Harris v. Daugherty, 74 Tex. 1, 11 S. W. 921, 15 Am. St. Rep. 812.

[3, 4] It is true that the general rule is that the burden of proof to establish the existence of the privilege rests on him who claims it. We are not convinced, however, that the court below was unmindful of the rule, or that the judgment should be reversed because of the fact that he remarked that the evidence was evenly balanced. The defendant's counsel made no objection to the ruling on the ground that the plaintiff had not sustained the burden of proof. In Munz v. Salt Lake City Ry. Co., 25 Utah, 220, 70 Pac. 852, it was held that, where a physician is sent to make an examination of an injured person, it will be presumed that the relation of physician and patient exists with regard to the examination, and that the information obtained was for the purpose of enabling the physician to prescribe and act for the patient. That there is such a presumption was also held in Hager v. Shindler, 29 Cal. 47; Sharon v. Sharon, 79 Cal. 633, 22 Pac. 26, 131; Moore v. Bray, 10 Pa. 519, and McIntosh v. Moore, 22 Tex. Civ. App. 22, 53 S. W. 611.

[5] We find no merit in the contention that the plaintiff's case is

without the statute, for the reason that the injury which he sustained was not a "disease," and did not create a disease. The plaintiff not only had a disease, within the definition of that term as found in the dictionaries, but in the case of Arizona & New Mexico Ry. v. Clark, supra, the Supreme Court applied the statute to the case of an accidental injury to the eye.

The judgment is affirmed.

HUNT, Circuit Judge (dissenting). There is evidence tending to show that plaintiff below, after talking about a settlement for his injuries with the representative of the corporation voluntarily agreed to go and did go to El Paso to have his eye examined by a specialist, who was specially employed by the company to make such examination. It may be doubted, I think, whether under such circumstances the plaintiff was in the relation of patient of the examining specialist as contemplated by the statute; but, assuming that the plaintiff was the patient, it seems to me that by submitting to the examination he waived the privilege of barring the testimony of the physician. When the court found an even balance of the evidence upon the point of the existence of the privilege, decision should have been against the plaintiff's objection to the testimony of the physician.