[Civ. No. 3997. First Appellate District, Division One.—December 6, 1921.]

WILLIAM J. KEARNEY, etc., Respondent, v. J. B. CASTELLOTTI, Appellant.

[1] NEGLIGENCE — DRIVER OF MOTOR-TRUCK — ENTRY OF STREET FROM WRONG SIDE OF INTERSECTION—EXCESSIVE SPEED.—A driver of a motor-truck who enters a heavily traveled thoroughfare at an obstructed corner from the wrong side of the intersecting street at a speed of fifteen miles an hour is guilty of negligence.

---

1. Speed of automobile as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.

Automobile cutting corners as negligence, note, 6 A. L. R. 321.

[2] ID.—COLLISION WITH MOTORCYCLE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—In an action for personal injuries sustained by a motorcycle rider in a collision of his machine with an auto-truck which had entered the street from the wrong side of the intersecting street, it was a question of fact for the jury to determine whether the plaintiff was guilty of contributory negligence in not slowing down his motorcycle or in not turning into the intersecting street and avoiding the collision.

[3] ID.—POSITION OF GREAT PERIL—DEGREE OF CARE.—One in great peril, when immediate action is necessary to avoid it, is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles E. Snook, Snook & Brown and F. P. Tuttle for Appellant.

Augustin Donovan and Homer R. Spence for Respondent.

TYLER, P. J.—This is an appeal by defendant from a judgment in favor of plaintiff for the sum of three thousand (3,000) dollars, in a case brought to recover damages for personal injuries sustained as the result of a collision between the motorcycle ridden by plaintiff and a motor-truck driven by the defendant. The case was tried by the court sitting without a jury. The injuries to plaintiff were of a serious nature, consisting of cerebral concussion, a fracture of the skull, lacerations and severe contusions of the face and mouth, loss of teeth, and internal and permanent injuries.

The collision occurred at or about the intersection of Forty-seventh Street and Telegraph Avenue, in Oakland. The first-named street runs in a general easterly and westerly direction terminating in Telegraph Avenue, and is thirty-six feet wide from curb to curb. Telegraph Avenue pursues a general northerly and southerly course, and has a width of sixty feet. Constructed upon it are two street-car tracks, the nearer of which to the westerly curb of the avenue is about twenty feet therefrom. At the north-

west corner of the intersection of these thoroughfares there is a two-story building adjacent to other structures, and the district generally is fairly closely built up.

On the 21st day of July, 1919, in the morning, the defendant was driving an empty autotruck in an easterly direction on the south side of Forty-seventh Street and turned into Telegraph Avenue, intending to proceed northerly thereon. At the same time the plaintiff was proceeding down Telegraph Avenue in a southerly direction upon his motorcycle, pursuing a course about nine feet from its westerly curb. The driver of the truck, in turning into Telegraph Avenue, gave no signal of his intention so to do, and he also failed to pass to the right of and beyond the center of the intersection of the two streets before making the turn to the left; in other words, "cut the corner." In this respect the testimony is uncontradicted. He himself said that he went to the left of the center because it was hard to go straight through on the south side of the intersection and then turn the truck abruptly. He testified: "I swung to the left because it was the easiest to go in" on Telegraph Avenue. The collision occurred at a point about twenty feet north of the center of the intersection (being about three feet north of the north line of Forty-seventh Street projected), and about five and one-half feet west of the median line of the avenue. When the truck came out of Forty-seventh Street it was traveling, according to the testimony of the plaintiff, at the rate of about fifteen miles an hour, he himself at that moment being from forty-five to seventy feet north of the intersection and proceeding at a speed, as variously estimated by witnesses, of eight, twelve, or fifteen to seventeen miles an hour. Both drivers, appreciating the danger, applied their brakes, but neither succeeded in coming to a stop before the impact. The plaintiff also testified that there was not sufficient room to pass to the rear of the truck, so he veered to the left; that his motorcycle did not skid and fall under the truck, but that he was struck in the rear by some part of the front of the truck.

[1] To recapitulate, according to the evidence introduced by plaintiff, defendant entered a heavily traveled thoroughfare at an obstructed corner from the left-hand (wrong) side of Forty-seventh Street at a speed of fifteen

miles an hour. It is clear, we think, that this evidence sustains the finding of the court that defendant was guilty of negligence. Indeed, he does not contend to the contrary, but claims that from the uncontradicted evidence it is established as a matter of law that the plaintiff was guilty of contributory negligence which should bar his recovery. This contention is based upon the theory that respondent was traveling at an excessive rate of speed in approaching the crossing, and upon the further contention that plaintiff had abundant time to have slowed down sufficiently to have passed to the rear of the truck or to have turned to the right into Forty-seventh Street, and have thus avoided the collision. [2] We think under all the circumstances of the case that these were questions of fact for the trial court to determine. The evidence in regard to speed was conflicting, but it is sufficient to sustain the finding of the trial court that respondent was traveling at a moderate rate of speed. It may be that the wiser course would have been for the plaintiff, if he could not have stopped his motorcycle in time to avoid the collision, to have turned into Forty-seventh Street, but he was not bound at his peril to adopt what later would have proved to be the better alternative, and whether or not he was guilty of negligence in veering to the left and proceeding approximately parallel with the truck for a short distance in an attempt to avert the collision, was not a question of law, but, as before stated, a question of fact for the court or jury. [3] One in great peril, when immediate action is necessary to avoid it, is not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances. (*Tousley* v. *Pacific Electric Ry. Co.,* 166 Cal. 457 [137 Pac. 31].)

In such a situation plaintiff was only required to do what seemed reasonable under the circumstances known to him, and the reasonableness of his effort to avoid the injury after discovery of the danger is a question of fact. It follows, in our opinion, that the judgment should be, and it is, hereby affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.