[S. F. No. 15522. In Bank.—April 18, 1936.]

VERNON EDWARD DWELLY, Respondent, v. O. McREY-
NOLDS et al., Appellants.

Bronson, Bronson & Slaven, John H. Painter, and Charles V. Barfield for Appellants.

Martinelli & Gardiner, Jordan L. Martinelli and Samuel W. Gardiner for Respondent.

THE COURT.—Further consideration of the merits of the appeals herein has led us to arrive at the same conclusions reached by the District Court of Appeal, First Appellate District, Division One, and we adopt as the opinion of this court the opinion of that court prepared by Mr. Justice Gray, *pro tem.* It is as follows:

"On the night of the accident, respondent Vernon E. Dwelly, as a state traffic officer, was patrolling, on his motorcycle, the state highway between San Rafael and Sausalito, in Marin county. The portion of this highway between Sausalito and Waldo was being reconditioned by appellant Peninsula Paving Co. under a state contract. In such work, dirt was hauled southerly from a steam shovel, westerly of the highway, to a fill, easterly of the highway, by trucks, which were rented, with drivers, by appellant O. McReynolds, to the company. To control traffic, the company stationed a flagman at each end of the portion of the highway over which the trucks moved. Immediately before the accident respondent had stopped on signal of the northerly flagman, appellant Lloyd E. Arrowsmith, and, after proceeding southerly about 125 feet, collided with one of such trucks, operated by appellant G. R. Burgin, when it, in going to the steam shovel, made a sharp left turn from the easterly side of that highway across respondent's course. For the resultant injuries respondent sued all four appellants and was awarded by a jury damages against all in the sum of $17,500. · The paving company and its flagman, jointly, and the truck owner and its driver, jointly, have separately appealed from the judgment, entered in accordance with the verdict.

 "Over such appellants' separate objections that they were privileged and confidential communications under section 142 of the California Vehicle Act, respondent was permitted to read into evidence, statements as to the accident, made by appellants Arrowsmith and Burgin, and to cross-examine each as to his statement. The pertinent part of this section reads as follows: 'The driver of any vehicle involved in any accident resulting in injuries . . . to any person, shall within twenty-four hours forward or file or cause to be filed a report of such accident to the division, or any of its branch

offices or local headquarters of the California Highway Patrol, . . . All accident reports shall be made on forms approved by the division. . . .

" 'The division may require drivers . . . involved in accidents to file supplemental reports and may require witnesses of accidents to render reports to it upon forms furnished by it whenever the original report is insufficient in the opinion of the division.

" 'All accident reports together with all supplemental reports above mentioned shall be without prejudice and shall be for the confidential use of the division of motor vehicles and shall not be used in any manner whatsoever as evidence, or, for any other purpose in any trial, civil or criminal arising out of such accident.'

" 'The burden is upon the party seeking to suppress the evidence to show that it is within the terms of the statute.' (*Sharon* v. *Sharon,* 79 Cal. 633, 677 [22 Pac. 26, 39, 131] ; *Collette* v. *Sarrasin,* 184 Cal. 283 [193 Pac. 591].) The statements to be privileged and hence inadmissible must come within the express terms of the section. (*Edison Electric L. Co.* v. *United States Electric L. Co.,* 44 Fed. 294; *Peden* v. *Peden's Admr.,* 121 Va. 147 [92 S. E. 984, 2 A. L. R. 1414] ; *Hawthorne* v. *Delano,* 183 Iowa, 444 [167 N. W. 196] ; *Thaden* v. *Bagan,* 139 Minn. 46 [165 N. W. 864].) The question of privilege was a matter for the trial court's determination and its decision, upon conflicting evidence, is conclusive. (*Stewart* v. *Douglass,* 9 Cal. App. 712 [100 Pac. 711].) The testimony discloses that both appellants, at the request of a traffic officer, reported, the day after the accident, to the highway patrol office in San Rafael; that Arrowsmith then signed a statement in the presence of such officer and the latter's superior; that Burgin, after being sworn by a notary public, was questioned by the two officers and signed a transcription of such interrogation; that neither statement was on the specified division form nor filed as provided in the section and that the officers obtained the statements for the benefit of their injured fellow officer and not for official use, nor had they been so used. Since, as the trial court correctly stated, the statements were neither made by appellants on the requisite forms, nor filed nor used as provided by the section, they were not privileged but were admissible.

■ "In addition to the general verdict, the jury returned two special verdicts, in which they found that Lloyd Arrowsmith was guilty of negligence as charged in the complaint and that O. McReynolds was an independent contractor. Respondent cannot question the sufficiency of the evidence to support the second finding and the judgment as to the Peninsula Paving Co. and Lloyd Arrowsmith can only be sustained if the evidence supports the first finding. (*Hudgins* v. *Standard Oil Co.*, 136 Cal. App. 44 [28 Pac. (2d) 433].) The complaint charged that Arrowsmith was stationed by his employer, Peninsula Paving Co., as a flagman to protect the public, including respondent, from injury arising from the movement of the trucks upon the highway, that Arrowsmith, although aware of the direction in which Burgin was operating his truck, failed to halt respondent or to protect him from the danger arising from such operation but negligently permitted and invited him to proceed. Appellants Peninsula Paving Co. and Arrowsmith argue (1) that, since respondent had knowledge as to manner of operating all trucks used in the work, equal to that of Arrowsmith, the latter owed no duty to warn him of the particular movement of Burgin's truck; (2) that, since Arrowsmith had stopped respondent, he had discharged all duty he owed, and (3) that Arrowsmith's negligence, if any, was not a proximate cause of the accident. No duty rested on Arrowsmith to warn respondent of a danger equally known to him. (*Molles* v. *Dollar Steamship Lines, Inc.*, 136 Cal. App. 369 [29 Pac. (2d) 308].) ■ Respondent had patrolled the highway nightly for two months before the accident, during which time its reconstruction was progressing and was therefore aware that trucks crossed the highway to and from the steam shovel. He also saw the steam shovel in operation and the headlights of Burgin's truck as it proceeded from the fill northerly but did not know whether they belonged to a truck or automobile. He stopped at Arrowsmith's signal and conversed with him. He told the latter that he was going south, the latter said 'Okay' and he moved on. Arrowsmith knew that Burgin's truck was approaching and that it was dangerous for respondent to proceed. Respondent would not have proceeded if Arrowsmith had told him the headlights were those of Burgin's truck. This testimony shows that respondent did not have actual knowledge of the danger created by this particular truck and

whether his general knowledge of truck movements should have caused him to anticipate danger when he saw headlights presented a question for the jury. ██ Since Arrowsmith had superior knowledge that the headlights belonged to Burgin's truck, he should have warned respondent of the danger, of which, it is apparent, he knew the latter was oblivious. Arrowsmith's negligence was a proximate cause, although Burgin's negligence intervened, because, it is clear from the above testimony, that Arrowsmith not only should have but actually did anticipate that Burgin would turn his truck across respondent's path. (*Sawyer* v. *Southern California Gas Co.,* 206 Cal. 366 [274 Pac. 544].)

"O. McReynolds and G. R. Burgin make no claim that the evidence does not show that the operation of the truck was negligent, but they, like the other appellants, contend that the evidence establishes that respondent was contributorily negligent, as a matter of law. ██ All appellants argue that since respondent was familiar with the highway, knew that its reconstruction was in progess and that trucks crossed the highway in the vicinity of the collision and actually saw the headlights of the approaching truck, he was guilty of contributory negligence, as a matter of law, in failing to realize that the headlights belonged to Burgin's truck and in failing to anticipate that the truck would cross his path without warning or signal. ' ''Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.'' (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 336 [208 Pac. 125, 128]; *Smith* v. *Southern Pacific Co.,* 201 Cal. 57 [255 Pac. 500].) In all other cases the question of contributory negligence is a question of fact for the jury. (*Wahlgren* v. *Market St. Ry. Co.,* 132 Cal. 656, 663 [62 Pac. 308, 64 Pac. 993]; *Jansson* v. *National Steamship Co.,* 189 Cal. 187, 192 [208 Pac. 90]; *Smith* v. *Southern Pacific Co., supra.*) ' (*Flores* v. *Fitzgerald,* 204 Cal. 374, 376 [268 Pac. 369].) Whether or not respondent acted with ordinary care under the circumstances and with his knowledge presented a question of fact for the jury's decision. ██ He was not negligent in failing to anticipate that the truck driver would violate section 130 of the California Vehicle Act. (*DeArman* v. *Connelly,* 134 Cal. App.

134

173 [25 Pac. (2d) 24].) The reasonableness of respondent's conduct in seeking to avoid the collision also was a matter for the jury's determination. (*Kearney* v. *Castellotti*, 55 Cal. App. 541 [203 Pac. 1029]; *Mast* v. *Claxton*, 107 Cal. App. 59 [290 Pac. 48].)

"Their soft and mild recital of respondent's injuries and expenditures sufficiently refutes the argument of appellants McReynolds and Burgin that the verdict is excessive merely because he was not so incapacitated as to be unable to resume his occupation after four months. The special damages for medical and hospital services and loss of earnings amounted to $3,790. He suffered a concussion of the brain, which rendered him unconscious for two weeks, and fractures of the pelvis, wrist and elbow. He was confined in the hospital for ten weeks. At the time of trial, six months after the accident, he still limped but was gradually improving. Then, there was a permanent loss of one-third of the normal motion of the left wrist. The flexion of the left elbow had improved under treatment and was pretty good at time of trial, but its extension would not improve. Appellants concede that the injuries were severe and painful."

The judgment is affirmed.

Rehearing denied.