[Civ. No. 13764. Fourth Dist., Div. Two. Oct. 11, 1974.]

COUNTY OF RIVERSIDE, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
STATE BOARD OF CHIROPRACTIC EXAMINERS,
Real Party in Interest.

## COUNSEL

Ray T. Sullivan, Jr., County Counsel, Joel Brand and Jerry A. Scheer, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Steven M. Kahn, Deputy Attorney General, for Real Party in Interest.

## OPINION

**KAUFMAN, J.**—David P. Sorben is a licensed chiropractor. Since October 1973, Sorben has been treated on a voluntary basis for alcoholism at the Crisis and Referral Center, Riverside, California (hereinafter "Center"). Personnel of the Center made and maintain records relating to Sorben, including dates of visits, diagnosis, evaluation and treatment. These records are subject to the confidentiality provisions of section 5328 et seq., of the Welfare and Institutions Code (part of the Lanterman-Petris-Short Act).[1]

There is pending before the State Board of Chiropractic Examiners (hereinafter "State Board") an accusation seeking the suspension or revocation of Sorben's chiropractic license alleging violation of section 10 subdivision (b) of the Chiropractic Act of California (3 West's Ann. Bus. & Prof. Code (1974 ed.) p. 147; 4 Deering's Ann. Bus. & Prof. Code (1961-1973 Cum. Supp., following § 25763 at p. 277), habitual intemperance in the use of ardent spirits to such an extent as to incapacitate him for the performance of his professional duties.

State Board petitioned the Riverside Superior Court for an order directing the Custodian of Patient Records of the Center to submit all of its records pertaining to Sorben to the court for a determination by it whether the records should be disclosed to State Board for use in the pending administrative proceeding against Sorben.

On June 21, 1974, the Riverside Superior Court rendered an ex parte order pursuant to State Board's petition, ordering Center's custodian of patient records to deliver to the court Center's records relating to Sorben.

This petition for an extraordinary writ[2] followed, and we issued a stay order and alternative writ of mandate to inquire into the validity of the superior court's order of June 21, 1974. We have concluded that the order is invalid.

The statutory scheme is as follows: section 5328 broadly provides for confidentiality: "All information and records obtained in the course of providing services under Division 5 (commencing with Section 5000), Division 6 (commencing with Section 6000), or Division 7 (commencing with Section 7000), to either voluntary or involuntary recipients of services

---

[1]Hereafter all section references are to the Welfare and Institutions Code unless otherwise specified.

[2]The petition sought prohibition or certiorari. We have treated the petition as a petition for a writ of mandate.

shall be confidential." There then follows in various subdivisions of section 5328 and in the sections following 5328 a number of specified exceptions to the general rule of confidentiality.

State Board concedes, as it must, that there is no specifically enumerated exception permitting disclosure to it or other administrative agencies. (Cf. 54 Ops.Cal.Atty.Gen. 24, at pp. 24, 29-30.) State Board contends, however, that disclosure to it may be achieved indirectly under subdivision (f) of section 5328: "Information and records may be disclosed only: . . . (f) To the courts, as necessary to the administration of justice." (See 54 Ops.Cal.Atty.Gen., *supra,* at pp. 30-31.) This contention cannot be sustained.

In the first place, the plain language of the exception to confidentiality contained in subdivision (f) of section 5328 says that information and records may be disclosed *to the courts,* not to an administrative agency *through the courts.* In our view, the subdivision contemplates use of the information or records "as necessary to the administration of justice" in some pending judicial action or proceeding. In the case at bench there is no judicial action or proceeding pending in which the use of information or records is "necessary to the administration of justice."

Secondly, in section 5328 and succeeding sections the Legislature has specifically provided for disclosure to certain persons or agencies under certain circumstances. Had the Legislature intended to permit disclosure to administrative agencies such as State Board it would doubtless have included a specific authorization for such disclosure. (See, .e.g., § 5328.2 added by Stats. 1970, ch. 1627, p. 3447, § 22.5, amended by Stats. 1972, ch. 1377, p. 2857, § 121.) "Under the familiar maxim of *expressio unius est exclusio alterius* it is well settled that, when a statute expresses certain exceptions to a general rule, other exceptions are necessarily excluded." (*Collins* v. *City & Co. of S. F.,* 112 Cal.App.2d 719, 731 [247 P.2d 362]; *Shelby* v. *Southern Pacific Co.,* 68 Cal.App.2d 594, 599 [157 P.2d 442].)

Last, one of the legislative purposes in providing for confidentiality was undoubtedly to encourage persons with mental or alcoholic problems to seek treatment on a voluntary basis. (See § 5001, subds. (a), (b) and (f); *Thorn* v. *Superior Court,* 1 Cal.3d 666, 668 [83 Cal.Rptr. 600, 464 P.2d 56].) To construe the limited exception contained in subdivision (f) of section 5328 as permitting disclosure to any person or agency whenever a court determined it was "necessary to the administration of justice" would tend to nullify the broad legislative provision for confidentiality and would tend to stultify the legislative purpose.

Let a peremptory writ of mandate issue to the Riverside County Superior Court commanding the court to vacate its order of June 21, 1974, in proceeding numbered 109283 and to dismiss the petition therein. The stay order heretofore made is vacated and the alternative writ heretofore issued is discharged.

Gardner, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied October 29, 1974, and the petition of the real party in interest for a hearing by the Supreme Court was denied December 5, 1974.