79 Cal.App.3d 719 (1978)
145 Cal. Rptr. 143
In re S.W. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent,
v.
ROSEMARY W., Defendant and Appellant.
Docket No. 50581.
Court of Appeals of California, Second District, Division Four.
April 11, 1978.
*720 COUNSEL
Sassoon Sales, under appointment by the Court of Appeal, for Defendant and Appellant.
John H. Larson, County Counsel, and Sterling R. Honea, Deputy County Counsel, for Plaintiff and Respondent.
*721 OPINION
FILES, P.J.
Rosemary W. appeals from a judgment made November 2, 1976, declaring her two sons to be dependent children of the court pursuant to Welfare and Institutions Code section 600, subdivisions (a) and (d) (now Welf. & Inst. Code, § 300, subds. (a) and (d)), and determining that custody should be given to someone other than a parent.
(1a) The legal issue requiring discussion is the admissibility of the records of Central City Community Mental Health Facility relating to the mother's treatment as an outpatient. Her counsel's objection, based upon the psychotherapist-patient privilege defined in section 1012 of the Evidence Code, was overruled upon the theory that Welfare and Institutions Code section 5328, subdivision (f) (a part of the Lanterman-Petris-Short Act, under which the treatment was provided), authorized the use of those records in evidence. We have concluded that section 5328 does not override the privilege; and that the trial court erred in refusing to consider whether the records were privileged under the Evidence Code; but the error does not require a reversal because other evidence compelled the decision to make the children dependents of the court.
The pertinent language of Welfare and Institutions Code section 5328 is as follows: "All information and records obtained in the course of providing services under Division 5 (commencing with Section 5000), Division 6 (commencing with Section 6000), or Division 7 (commencing with Section 7000), to either voluntary or involuntary recipients of services shall be confidential. Information and records may be disclosed only: ... (f) To the courts, as necessary to the administration of justice...."
This portion of the Lanterman-Petris-Short Act is a general prohibition against disclosure of information, subject to defined exceptions. The confidentiality imposed by this act goes beyond matter which is protected by any of the privileges established in the Evidence Code. For example, a record showing only that a person had entered a facility for treatment or evaluation under the act would probably not contain privileged matter, but its disclosure could bring embarrassment or more serious consequences to the individual involved. (2) One of the purposes of section 5328 is to avoid that kind of undesired publicity. (See County of Riverside v. Superior Court (1974) 42 Cal. App.3d 478, 481 [116 Cal. Rptr. 886].)
*722 The listing of exceptions to that general policy does not make admissible in a court proceeding records which are inadmissible under the rules established by the Evidence Code. Subdivision (f) excepts necessary court use from the general prohibition of section 5328, but it does not authorize a court to order disclosure of matter which the Evidence Code makes privileged.
The juvenile court received the records of the Central City Community Mental Health Facility relating to Rosemary W. as a single item. It is apparent that some documents in that file reflect privileged matter. Whether other portions were admissible in evidence depended upon circumstances not explored in the trial court. (3) But for the trial court's erroneous interpretation of section 5328, counsel for Mrs. W. would have had the opportunity to assume the burden of showing that the records to which he objected were privileged. (See Evid. Code, § 405; San Diego Professional Assn. v. Superior Court (1962) 58 Cal.2d 194, 199 [23 Cal. Rptr. 384, 373 P.2d 448, 97 A.L.R.2d 761]; Dwelly v. McReynolds (1936) 6 Cal.2d 128, 131 [56 P.2d 1232].)
(1b) The county counsel urges us to hold that the hospital records, if privileged under the Evidence Code, should be held admissible in this kind of proceeding because of the overriding importance of protecting children against ill or incapacitated parents. But counsel does not point to any statute which would arguably support such a rule. We have already pointed out that Welfare and Institutions Code section 5328 states a limitation on disclosure, not a ground for admissibility of evidence. Sections 5328.1 through 5328.9 provide authorization for disclosure under specified circumstances, but none relates to the admission of evidence in juvenile court trials. Evidence Code sections 996-1007 list exceptions to the physician-patient privilege, and sections 1016-1026 give the exceptions to the psychotherapist-patient privilege. But none of those are applicable here.
The tension between the individual's need for privacy and society's need for the ascertainment of truth appears whenever a privilege is defined or interpreted. (See com., Law Rev. Com. following Evid. Code, § 910; In re Lifschutz (1970) 2 Cal.3d 415, 422 [85 Cal. Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].) When a parent is afflicted with an illness or disability which may affect the welfare of the child, the confidentiality of communication with a therapist may encourage the parent to seek treatment, and may permit a kind of treatment otherwise impossible. Moreover, as the record of this case illustrates, a case for judicial *723 protection of minor children may be made without exposing privileged communications. We must assume the Legislature weighed these considerations in defining the scope of the relevant privileges. Counsel have not shown any basis, statutory or otherwise, for an implied exception in cases of dependent children.
(4) Other evidence received at the trial showed without conflict that Mrs. W. lacked the capacity to care for her two sons, aged fourteen and three respectively. The father's location was unknown, and the household consisted of the mother and the two boys. The 14-year old testified that his mother had drunk herself into insensibility 40 to 50 times in the immediately preceding 3 months. He had been absent from high school 79 days in the 1975-1976 school year, mostly from February on. The three-year old was an active youngster, who required the attention of an older person, and who would miss his meals unless the older boy provided them.
A close family friend and two cousins of Mrs. W. corroborated the fact that the mother's drinking had seriously impaired her ability to care for the children. Her problem had existed for several years. Mrs. W. had received treatment both at Camarillo and at Metropolitan Hospital "numbers of times." A grandmother had lived in the home until her death in 1975. There had been a homemaker looking after the family until February 1976, when Mrs. W. falsely accused her of abusing the three-year old, and the homemaker left.
Mrs. W. took the witness stand to explain that the night she had locked out her 14-year old son she did not know he was outside. She had called the police because she thought a burglar was on the porch. No other defense evidence was offered.
The evidence, putting aside the hospital records, strongly supports the finding of the juvenile court that the two boys lacked a parent exercising or capable of exercising adequate care and control, and that the mother's home was an unfit place by reason of the mother's behavior. Whether the truancy of the older boy was due to the conditions in the home, as the boy testified, or due to his own inclinations, as counsel for the mother suggests, the need for change is manifest.
It is not reasonably probable that a retrial on this kind of record would result in a different finding. A reversal of the judgment is not required. (See People v. Watson (1956) 46 Cal.2d 818, 834 [299 P.2d 243].)
*724 We are also mindful of the fact that the dependency finding was based upon evidence of conditions existing in and prior to September 1976. A reversal would result in a trial based upon 1978 conditions. The law provides for an annual review of the need for continuing jurisdiction over these minors (Welf. & Inst. Code, § 366, rule 1378, Cal. Rules of Court) and the law also affords an opportunity for a modification of the 1976 order or a termination of jurisdiction at any time upon a showing of changed circumstances. (Welf. & Inst. Code, §§ 388, 390; rules 1391-1393, Cal. Rules of Court.) Thus, if conditions have changed to the extent that Mrs. W. is able to provide a proper home environment and the necessary care and supervision for her sons, her custody may be restored.
The order appealed from is affirmed.
Kingsley, J., and Jefferson (Bernard), J., concurred.