[No. B030790. Second Dist., Div. Five. Mar. 28, 1989.]

In re EDUARDO A. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN'S SERVICES, Plaintiff and Appellant, v.
JUAN A. et al., Defendants and Respondents.

---

**COUNSEL**

De Witt W. Clinton, County Counsel, Sterling Honea and Joe Ben Hudgens, Deputy County Counsel, for Plaintiff and Appellant.

Valerie Y. Valle and Michael T. Takahashi for Defendants and Respondents.

---

**OPINION**

**LUCAS, P. J.**—The Los Angeles County Department of Children's Services (DCS) appeals from the order dismissing a supplemental petition filed under Welfare and Institutions Code section 387.[1]

## FACTS

In 1985, Eduardo, Sheila, Catalina, Maria and Laura A. were declared dependent children of the juvenile court (§ 300) because of sexual molestation of Sheila, Maria and Catalina by their father, Juan A. The father was charged and convicted of the molestations and served approximately a one-year sentence. The children were left in the custody of their mother, Maribel C., and the court ordered that the father have no contact with them.

On July 15, 1987, supplemental petitions were filed pursuant to section 387 seeking to remove the children from the mother's custody because she had allowed contact between them and their father in violation of the court's order.

At the adjudication hearing, the mother's therapist was called as a witness. The court sustained the mother's objection and granted her motion to strike testimony of her therapist involving the mother's confidential com-

---

[1] Unless otherwise noted, all references are to the Welfare and Institutions Code.

munications. The court also excluded a preadjudication social study prepared by a DCS social worker on the ground that its preparation had not been ordered by the court. In the absence of this proffered evidence, the court found insufficient evidence to support the allegations in the supplemental petitions. The petitions were dismissed, application for rehearing was denied, and DCS appeals.

### TESTIMONY OF THERAPIST

■ Appellant contends the court erred in granting the mother's motion to strike the psychiatric social worker's testimony regarding the mother's statement to her during treatment. We disagree.

Under Evidence Code section 1014, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication between a patient and psychotherapist. An exception to this privilege is created by Evidence Code section 1017, which provides in pertinent part: "(a) There is no privilege under this article if the psychotherapist is appointed by order of a court to examine the patient, . . ."

Appellant's position is that Ms. Diaz-Akahori, the psychiatric social worker, was court appointed to work with the mother, and thus any patient-psychotherapist communications were subject to the exception of Evidence Code section 1017, subdivision (a). However, when Ms. Diaz-Akahori was asked at the hearing whether she was court appointed to work with the mother, she replied that the mother "was referred by court to come to therapy at Costa Rios," a mental health center. We do not consider a juvenile court referral for counseling to be the equivalent of a court-ordered examination of a patient by a psychotherapist within the meaning of Evidence Code section 1017, subdivision (a).

The express intention of the Legislature in enacting Welfare and Institutions Code section 300 is "to provide maximum protection for children who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to protect children who are at risk of that harm. This protection includes provision of a full array of social and health services to help the child and family and to prevent reabuse of children. That protection shall focus on the preservation of the family whenever possible." (§ 300, subd. (j).) The juvenile court is specifically empowered to order a parent to participate in a counseling program "designed to eliminate those conditions that led to the court's finding that the minor is a person described by Section 300." (§ 362, subd. (c).)

A juvenile court's referral of a parent for counseling after a finding that the children had been molested is obviously consistent with these aims and

powers. The purpose of such counseling is to assist the parent in understanding the problem and preventing its recurrence, thereby protecting the children and attempting to preserve the family structure.

In contrast, a court-ordered psychiatric examination is aimed at determining for the information of the patient and/or for the court, the patient's mental or emotional condition. It is an information-gathering tool, rather than a treatment tool. The exception to the psychotherapist-patient privilege in Evidence Code section 1017 is directed toward this latter, information-gathering examination. We find no basis for broadening the exception to the psychotherapist-patient privilege to encompass the very different situation of court-ordered counseling. This narrow view of the privilege exception is consistent with the general rule that the statutory psychotherapist-patient privilege is to be liberally construed in favor of the patient. (*In re Lifschutz* (1970) 2 Cal.3d 415, 437 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].)

Appellant's reliance on *Collins* v. *Superior Court* (1977) 74 Cal.App.3d 47 [141 Cal.Rptr. 273] is unavailing. *Collins* involved court appointment of a medical expert in a dependency case to examine a minor child's medical records, consult with the parents' counsel regarding those records, prepare a written report and testify at trial, if so requested. The court held that the doctor's testimony regarding his examination of the medical records was not privileged. (*Collins, supra,* at pp. 52-54.)

Unlike *Collins,* the case before us does not involve court appointment of a psychotherapist to examine the mother for the purpose of gathering information and advising counsel. Instead, it involves a court referral of the mother for counseling after a determination that her children had been molested by their father. The obvious purpose of the referral was to provide the mother with treatment so that she could understand the harm done to the children and learn to protect them from future harm.

Crucial to psychotherapeutic treatment is a patient's readiness to reveal his thoughts, dreams, fantasies, sins and shame. It would be unreasonable to expect a patient to freely participate in such treatment if he knew that what he said and what the therapist learned from what he said could all be revealed in court. A patient in therapy has and needs a justifiable expectation of confidentiality as to his psychotherapeutic treatment. (See *In re Lifschutz, supra,* 2 Cal.3d at p. 431.)

Appellant argues that application of the psychotherapist-patient privilege in this context would obstruct the court's ability to evaluate, at a dependency status review hearing, whether return of a child to his or her parents

would create a substantial risk of detriment to the physical or emotional well-being of the child. Section 366.2, subdivision (e) directs that at a review hearing the court shall order the minor returned to the custody of the parents unless it finds, by a preponderance of the evidence, that such return will be detrimental to the child. The probation department has the burden of establishing that detriment. In making its determination under this section, the court shall consider the efforts and progress demonstrated by the parent and the extent to which the parent cooperated and availed himself of services provided. The failure of a parent to participate regularly in any court-ordered treatment programs is prima facie evidence that return of the child to the parent would be detrimental. (See also § 366.21, subds. (e), (f).) Application of the psychotherapist-patient privilege to confidential communications made in court-ordered counseling does not prevent the court from acquiring the information needed for proper evaluation of these issues at a review hearing.

We note, first, that at least 10 days before a review hearing, the social worker is required to prepare and file "a supplemental report with the court regarding the services offered to the family, the progress made, and, where relevant, the prognosis for return of the minor to the physical custody of his or her parent or guardian, and make his or her recommendation for disposition." (§ 366.2, subd. (c); see also § 366.21, subd. (c), operative Jan. 1, 1989.) The court is required to review this report for the hearing. (§§ 366.2, subd. (e), 366.21, subds. (e), (f).)

Implicit in these requirements for preparation and consideration of a "progress report" is the Legislature's recognition of a social worker's expertise in evaluating a parent's cooperation, development and growth as these matters relate to the parent's ability to provide a safe, well-supervised home for the child. Such information can be developed from a variety of sources including the social worker's personal observations as well as his or her interviews with the parent, neighbors, teachers, relatives, physicians, and even the children themselves; it need not depend on revelations by the treating psychotherapist. (See *In re S. W.* (1978) 79 Cal.App.3d 719, 722-723 [145 Cal.Rptr. 143].) Moreover, not all court-ordered treatment programs involve relationships protected by evidentiary privileges. Thus, the social worker may be able to obtain direct information from a teacher or group leader regarding a parent's participation and progress in programs such as those dealing with substance abuse, parenting, housekeeping, safety, or job training.

However, when the reunification plan does require a parent to participate in a counseling program, we recognize that the therapist could be of great value to the court in its evaluation of the progress the parent has made

toward providing a safe home. As a practical matter, many parents are willing to sign a release form waiving the psychotherapist-patient privilege, thereby permitting the therapist to provide this information to the social worker and the court. When a parent is not willing to waive the privilege, the court can appoint another psychotherapist to examine and evaluate the patient; as discussed above, under Evidence Code section 1017 there is no psychotherapist-patient privilege where the examination is by court order.

In the alternative, the court can, in its initial order referring a parent to counseling, further order the treating psychotherapist to prepare a report concerning the parent's participation and progress for the court's use at the review hearing. In this way, both therapist and patient will be fairly apprised at the outset of their relationship that communications relating to participation and progress made during treatment are subject to use by the therapist in preparing the ordered report, and there will be no expectation of confidentiality in the ensuing relationship as to those matters. (See *In re Edward D.* (1976) 61 Cal.App.3d 10, 15 [132 Cal.Rptr. 100]; see also *People v. Howard* (1988) 44 Cal.3d 375, 431 [243 Cal.Rptr. 842, 749 P.2d 279]; *People v. Stritzinger* (1983) 34 Cal.3d 505, 524 [194 Cal.Rptr. 431, 668 P.2d 738] (conc. and dis. opn. of Kaus, J.).)

The trial court correctly granted the mother's motion to strike the psychiatric social worker's testimony as to a statement made by the mother during counseling.

### EXCLUSION OF SOCIAL STUDY

■ Appellant also claims the trial court erred in excluding the social study prepared by social worker David Boydston. This contention has merit.

■ A dependency proceeding under section 300 requires determination of two distinct issues by the juvenile court. First, at the jurisdictional hearing, the court must decide whether the minor is a person described in one of the categories of section 300; if so, the court may invoke its jurisdiction to declare the minor a dependent child of the court. Second, at the dispositional hearing, the court must decide the appropriate disposition of the child; the options range from supervised custody to removal of the child from the home. (*In re Christina T.* (1986) 184 Cal.App.3d 630, 638 [229 Cal.Rptr. 247].)

A social study of the minor must be prepared by the probation officer, received in evidence and considered by the court at the disposition hearing on a sustained section 300 petition. (§§ 280, 358, subd. (b).)

There is no such requirement that a social study be prepared and considered at the earlier jurisdictional hearing on a section 300 petition. However, it is settled that a probation or social worker's social study, containing information relevant and material to the jurisdictional hearing, is admissible at such hearing on a section 300 petition. (Cal. Rules of Court, rule 1365(d); *In re Donald R.* (1987) 195 Cal.App.3d 703, 710-711 [240 Cal.Rptr. 821]; *In re Biggs* (1971) 17 Cal.App.3d 337, 344 [94 Cal.Rptr. 519]; see also § 355.)

Respondent parents urge, however, that the court correctly ruled that the social study's admissibility was conditioned on its preparation having been ordered by the court under section 281. That section provides: "The probation officer shall upon order of any court in any matter involving the custody, status, or welfare of a minor or minors, make an investigation of appropriate facts and circumstances and prepare and file with the court written reports and written recommendations in reference to such matters. The court is authorized to receive and consider the reports and recommendations of the probation officer in determining any such matter."

We read that section as providing authority for the court to obtain and consider a report such as a social study whenever relevant to a case involving a minor's custody, status or welfare. Thus, in a case in which a social study is not required and has not otherwise been prepared, the court can order a social worker to investigate and prepare a report which the court can then receive into evidence and consider.

We find nothing in this grant of authority that precludes admissibility of reports or social studies that were prepared without court order. Section 281 provides an additional means for the court to become fully informed regarding the facts and circumstances relevant to a minor's welfare; it does not provide the exclusive means for receiving such information.

A social study, whether or not ordered by the court under section 281, is admissible at a jurisdictional hearing on a dependency petition if relevant and material to the issues before the court and if, on request of the parent or guardian, the probation officer or social worker is made available for cross-examination regarding the contents of the report. (Cal. Rules of Court, rule 1365(d).) The social worker was present in court and available for cross-examination in this case. The trial court erred in excluding the social worker's report.

The report contained relevant information regarding the allegations in the section 387 petitions that the parents had violated the court's no-contact order and that the previous disposition of the minor children has not been

effective. The court's refusal to consider any of this information was clearly prejudicial, inasmuch as the court's dismissal of the petitions was based on insufficiency of the evidence. The matter must therefore be remanded for hearing in which the court considers the social study.

## DISPOSITION

The order is reversed. Parties to bear their own costs on appeal.

Boren, J., and Kennard, J., concurred.